**Ben REDMON, Jr., Appellant,**

v.

**COMMONWEALTH of Kentucky,
Appellee.**

Court of Appeals of Kentucky.

Feb. 27, 1959.

Thomas Burton, Louisville, for appellant.

Jo M. Ferguson, Atty. Gen., William L. Brooks, Asst. Atty. Gen., for appellee.

MILLIKEN, Judge.

The Red Bud Liquor Store of Louisville was entered by a masked, armed man about 9:40 p. m., November 15, 1957, and the clerk of the store forced to hand over the $233 contents of the cash register. Several other persons in a room in back of the store saw the holdup. When the police arrived the clerk and the other witnesses described the robber so well that one of the police thought immediately that he knew his identity. When the witnesses were shown a picture of the appellant, Ben Redmon, Jr., taken from the police files, they identified

him as the robber, and subsequently confirmed the identification in the police line-up after Redmon had been arrested on a vagrancy charge.

On this appeal from his conviction of armed robbery and the imposition of a life sentence, Redmon claims the trial judge unduly emphasized one of the instructions by a remark, and failed to discharge the jury and declare a mistrial when the clerk of the Liquor Store, in a non-responsive answer on cross-examination, said the police were looking for Redmon on a prior occasion and asked the clerk, "* * * if I knowed him. Some kind of charge, shooting or something."

The trial judge promptly admonished the jury to disregard the witness' reference to possible other offenses of the appellant, saying in part: "It has nothing in the world to do with this case, and you are not to consider it at all." It is the consensus of this court that this incident was not sufficiently prejudicial in the circumstances to justify a discharge of the jury—that the trial judge's admonition to the jury neutralized the suggestion of the other offenses.

After reading to the jury the instruction to the effect that "if the jury believe from the evidence beyond a reasonable doubt that the defendant, Ben Redmon, Jr.," was guilty of the offense charged then they shall "fix his punishment at confinement in the penitentiary for life or by death," the trial judge remarked to the jury:

"Gentlemen, the other instructions are not ready yet, but the instruction which I have given you is the important instruction—the main instruction of the case in that it contains the law of the case."

The defendant objected to this statement by the court, whereupon the trial judge made the further comment:

"Don't mean to say that's the important instruction, that's the main in-

struction; that's the basis of the thing. He is also entitled to this instruction \* \* \*."

■ This comment by the trial judge did not reflect his opinion as to the guilt or innocence of Redmon and certainly was not designed to influence the jury, so we find no merit in the contention that it did.

■ Another contention for reversal is the charge that the police improperly pointed out Redmon to the clerk before the clerk identified him in the lineup. This and the other alleged aberrations in the process of identification affect only the weight of the testimony presented to the jury, not its admissibility.

The judgment is affirmed.