UNITED STATES of America,
Appellee,

v.

Isaac FREDIA and Charlotte Scott,
Appellants.

No. 373, Docket 28101.

United States Court of Appeals
Second Circuit.

Argued May 29, 1963.

Decided June 25, 1963.

---

* Of the Tenth Circuit, sitting by designation.

854

Stone & Diller, New York City (Joseph I. Stone, New York City, of counsel) for appellants.

Robert M. Morgenthau, U. S. Atty., Southern District of New York (Charles A. Stillman, Thomas Day Edwards, Asst. U. S. Atty., of counsel) for appellee.

Before WATERMAN, FRIENDLY and SMITH, Circuit Judges.

PER CURIAM.

After a trial in the United States District Court for the Southern District of New York before Judge Palmieri sitting without a jury, appellants were convicted of having violated 21 U.S.C. §§ 173, 174, by receiving, concealing, and selling one ounce of cocaine, and with having conspired to do so.

In post-arrest confessions, properly received into evidence below, both appellants admitted their participation in the April 12, 1960 sale of one ounce of cocaine to Narcotics Agent John F. Brady. We must assume that the trial judge used each confession against only the defendant making it. At the trial, appellant Scott repudiated her confession, but the evidence of her participation in the sale and of her possession of the narcotics was overwhelming. Appellant Fredia admitted at trial his participation in the sale, but set up the defense of entrapment by Agent Brady and the government informer "Sally," who introduced Brady and Fredia on April 12.

Fredia now contends that Judge Palmieri erred in refusing to order the Government to disclose the informer's full name. The right of defendants in a criminal case to have the name of an informer disclosed, however, is not an absolute one. In Roviaro v. United States, 353 U.S. 53, 62, 77 S.Ct. 623, 628, 1 L.Ed.2d 639 (1957) the Court stated:

"We believe that no fixed rule with respect to disclosure is justifiable. * * * Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors."

In this case, appellants' confessions, considered together with the testimony of the Government Agents who participated in the sale and arrest, establish beyond peradventure of doubt that appellants made a willing sale of narcotics to a buyer who "look[ed] all right." It is inconceivable that anything the informer might have said, if called as a witness, would materially have aided appellants in setting up a defense of entrapment.

Affirmed.