COMMONWEALTH *vs.* WALTER EDWARD EARLY
(and a companion case).

Middlesex.    November 1, 1965. — December 1, 1965.

Present: SPALDING, CUTTER, KIRK, SPIEGEL, & REARDON, JJ.

*Practice, Criminal,* Mistrial.  *Evidence,* Irresponsive answer.

The proper practice at the trial of a criminal case with respect to an irresponsive answer of a witness containing incompetent evidence is for the objecting party to move to have the answer struck.   [637]

There was no abuse of discretion on the part of the judge at the trial of an indictment in denying a motion by the defendant for a declaration of a mistrial by reason of an irresponsive and incompetent statement by a witness that the defendant had "a prior record" where the judge twice instructed the jury to disregard the statement.   [637]

INDICTMENTS found and returned on November 9, 1964.

The cases were tried in the Superior Court before *Dewing,* J.

*Bernard E. Bradley, Jr.* (*Ronald J. Chisholm* with him) for the defendants.

*Dante J. DeMichaelis,* Assistant District Attorney (*Ruth I. Abrams,* Assistant District Attorney, with him), for the Commonwealth.

SPALDING, J.   The two defendants, Early and Fuller, were tried to a jury, subject to G. L. c. 278, §§ 33A–33G, under two indictments charging each with unarmed robbery.   Both defendants were found guilty.   The cases come here on their appeals with one assignment of error.   The error assigned is the denial of the defendants' motion for a mistrial, which occurred in these circumstances.   One Denommee, a police officer of the city of Lowell who had investigated the case, was called as a witness by the Commonwealth and testified with respect to the arrest of the defendants.   On cross-examination by counsel representing both defendants the officer was asked whether a photograph had been taken of Fuller when he was brought to the police

station, and the officer stated that he was not there at that time. Counsel then asked him whether it was customary "to photograph people arrested and charged with a crime in the Lowell Police station." The officer replied, "The defendant has a prior record and he had this picture." Thereupon defence counsel moved for a mistrial. The motion was denied, subject to the defendants' exception. The judge then said, "I will ask the jury to disregard it." Following a bench conference, the judge said further, "I am going to ask the jury to please disregard the last statement that the officer made in regard to the defendant that he was speaking about." The officer's answer was not responsive and contained incompetent evidence. The proper practice in such a case is for the objecting party to move to have the answer struck, and to save an exception if the motion is denied. *Commonwealth* v. *McGarty,* 323 Mass. 435, 439. This course was not pursued. But the judge in effect did all that such a motion, if made and granted, could have accomplished. He was not obliged to go further and declare a mistrial. That was a matter within his discretion. *Curley* v. *Boston Herald-Traveler Corp.* 314 Mass. 31. No abuse of discretion appears.

*Judgments affirmed.*