Chief Judge Desmond.
After his motion to suppress evidence as illegally obtained had been denied by a Judge of the New York City Criminal Court defendant pleaded guilty to a violation of section 1747-d of the Penal Law (possession of a hypodermic needle) and was sentenced to serve six months in the penitentiary. Appellate Term unanimously affirmed without opinion and defendant was granted leave to come here. The sole point made by defense counsel is that the failure of the court at the suppression hearing to require the People to disclose the identity of the alleged informer ‘ ‘ violated fundamental requirements of fairness ’ ’.
We summarize the evidence taken at the suppression hearing. A New York City detective swore that about 10 minutes before the arrest on July 9, 1964 the detective had met one of his confidential informants, a drug addict, who told him that defendant had narcotics in his possession and was selling them. The informer then described the clothing and appearance of defendant and pointed defendant out to the detective. Previously, so the detective testified, the same informer had supplied information which resulted in 15 different convictions and had usually been paid for such information although not on this particular occasion. The detective next testified that he observed a person known to the officer to be a drug addict (although the officer did not know the addict’s name and the officer had never arrested that alleged addict and had never seen him possessing drugs nor did he search or arrest the supposed addict on the day in question). The officer said that he saw this addict holding money in his hand and talking to defendant and then, as the detective approached, saw the addict put the money away and walk away rapidly. The detective then searched defendant and found in his clothing a hypodermic needle and 13 glassine envelopes each of which contained a white powder which was subsequently analyzed and found not to contain any narcotic substance. The detective admitted that he did not see any completed sale and did not in fact see any narcotics. H§ had no search or arrest warrant.
*273 During the suppression hearing defendant’s counsel repeatedly requested that the court direct the detective to divulge the informer’s identity. The Criminal Court Judge, however, saw no necessity for such a direction, remarking that the circumstances above outlined provided reasonable grounds for believing that a crime was being committed by the defendant. The motion to suppress was thereupon denied.
As defendant correctly states, the evidence at the hearing aside from the informer’s disclosures consists of a showing that a known drug addict holding money in his hand approached defendant and engaged defendant in conversation and then upon the officer’s approach walked away.
Defendant cites People v. Malinsky (15 N Y 2d 86) which, beginning at the bottom of page 93, says this: “Disclosure of the informer’s identity is required only in those cases, and they are relatively rare, where there is insufficient evidence, apart from the arresting officer’s testimony as to the informer’s communications, to establish probable cause.” While it may be close, we consider that this is not one of those rare cases. True, apart from the detective’s story as to the informer, there is no more in this record than a showing that a known addict holding money in his hand and talking to the suspected drug peddler quickly put the money away and left the scene when the detective approached. But we will remember that what we are talking about is not the proof beyond a reasonable doubt required for the conviction of a crime but reasonable ground or probable cause for making a search, that is, observations or information sufficient to move a reasonable man to conclude that a crime is being committed or attempted. If without the alleged informer’s information there was probable cause for an arrest and search the State is not bound to reveal the identity of the informant (see Scher v. United States, 305 U. S. 251; People v. Coffey, 12 N Y 2d 443, cert. den. 376 U. S. 916; People v. Durr, 28 Ill. 2d 308, cert. den. 376 U. S. 973; see Ann. 76 ALR 2d 262, 327-345). To state the rule in other terms, the prosecution must reveal the name of a participant-informer or of an informer who in some other fashion is a direct witness to the alleged crime or an informer whose information it is that makes out reasonable cause for an arrest and search without a warrant.
*274 The May, 1965 decision of our court in People v. Rogers (15 N Y 2d 422) is not without relevance on this appeal. The Rogers case involved the sufficiency of an affidavit for a search warrant but the ultimate question was the same as here, i.e., whether the informer’s name had to be disclosed at a suppression hearing. The affidavit stated that the detective who signed it had information from an unnamed informer known to the affiant to be reliable and whose information had in the past led to the arrest and conviction of three people, that defendant and others were selling narcotics in defendant’s apartment and that deponent had observed these premises on two 'separate days for certain periods and that a number of persons including several known addicts had been seen entering the premises. In Rogers there was no particular point made of any refusal to disclose the informer’s identity but we cited, in the Rogers opinion, United States v. Ventresca (380 U. S. 102) where referring to older cases the Supreme Court said (p. 108) that an affidavit for search warrant might in part be based on hearsay so long as the underlying circumstances are disclosed as well as a showing that any informant involved “ whose identity need not be disclosed” was himself credible or his information reliable.
In these respects there is no real difference between the quantum of proof required for a search warrant or a search without a warrant. In either instance the issue is ‘£ probable cause” on the particular facts (Wong Sun v. United States, 371 U. S. 471, 479; Carroll v. United States, 267 U. S. 132, 162). The principal Federal cases are Scher v. United States (305 U. S. 251, supra) and Roviaro v. United States (353 U. S. 53). Roviaro cites Scher with approval and points out that the purpose of the so-called “ informer’s privilege ” is the furtherance and -protection of the public interest in effective law enforcement, that citizens are obligated to communicate their knowledge as to crime to law-enforcement officials and that preserving anonymity encourages them to perform that obligation. Roviaro says that there is no fixed rule as to disclosure since the public interest’must be balanced against the defendant’s right to a fair opportunity to defend and that, accordingly, the privilege should not be applied where disclosure of the informer’s identity is essential to the defense or to a faif determination of the case. *275 Nondisclosure is the rule, disclosure the exception. The situations which bring the exception into play arc not present in ornease.
The judgment should be affirmed.