COMMONWEALTH *vs.* JOHN JASILEWICZ. April 5, 1972. The defendant, who was a student at Tewksbury High School, was found guilty by a Superior Court jury on a complaint charging disorderly conduct and a second complaint charging assault and battery on a teacher at the school. A District Court judge presided over the trial under statutory authority. The defendant's bill of exceptions, which was ultimately established by order of a Justice of this Court, alleges multiple errors in the judge's rulings. There was no error. The defendant excepted to the judge's denial of the defendant's motion for mistrial, but the motion does not appear to have been filed seasonably before the return of the jury verdicts. Additionally, the lengthy motion demonstrates no error. Basically, the motion complains that the judge repeatedly interrupted the closing argument of defence counsel, and thereby prevented an effective argument. It appears that most of the interruptions occurred because defence counsel persisted in presenting certain arguments which the judge had previously, in a conference in chambers, excluded as improper. In such circumstances it is the judge's right and duty to control argument of counsel. *Commonwealth* v. *O'Connell*, 274 Mass. 315, 322–324. *Commonwealth* v. *Witschi*, 301 Mass. 459, 462. The attorney had the privilege of establishing his exceptions to the judge's preliminary order, but it was not appropriate for him repeatedly to disregard the judge's instructions and then claim a mistrial when he is reprimanded by the judge. *Commonwealth* v. *Lewis*, 346 Mass. 373, 378–379. *Commonwealth* v. *French*, 357 Mass. 356, 395. Other grounds for the motion for mistrial concern interruptions by the judge when the defence counsel, in argument, stated rules of law to the jury. Assuming that counsel had the privilege of making reference to rules of law, for the purpose of lending cogency and continuity to his argument, it is clear that counsel far exceeded his privilege in this case. Also, not enough appears in the bill of exceptions to demonstrate the correctness of the rules of law argued by counsel, nor is the judge's charge included in the bill of exceptions. In sum total, the motion for a mistrial, if it were seasonably filed, was at best addressed to the sound discretion of the judge, and no abuse of discretion is shown. *Commonwealth* v. *Early*, 349 Mass. 636, 637. *Commonwealth* v. *Sousa*, 350 Mass. 591, 595–596. The remaining several exceptions of the defendant relate to alleged errors in the judge's charge. We appreciate that there was no stenographic transcription of the evidence or the charge, and we are prepared to make reasonable allowances for that fact in evaluating the alleged errors, but the bill of exceptions

here includes only a small portion of the judge's charge and only the most meager summary of the evidence. Consequently, it is impossible for us to determine whether there may have been error. On a reading of what is before us, no error is shown.

*Exceptions overruled.*

*Robert D. O'Leary* for the defendant.

*Terence M. Troyer,* Assistant District Attorney, for the Commonwealth.