774

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v*. BILL FLIPPO, Defendant-Appellant.

(No. 72-8; )

Third District—June 14, 1973.

ALLOY, P. J., dissenting.

James Geis, of Defender Project, of Ottawa, for appellant.

James N. DeWulf, State's Attorney, of Rock Island, (William Schick, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE DIXON delivered the opinion of the court:

Defendant Bill Flippo was charged in the circuit court of Rock Island County with unlawful sale of heroin. Following a bench trial, he was found guilty and sentenced to a term of not less than 3 nor more than 10 years in the Illinois State Penitentiary. Defendant contends that his constitutional rights to due process and to confrontation of witnesses against him were violated by the court's refusal to allow discovery of the true identity of the informer who set up, participated in, and witnessed the alleged offense.

Illinois Bureau of Investigation agent Pavichevich testified that both he and "Joe McDonald", following a prearranged plan to purchase heroin from Bill Flippo, went to a residence in Moline, Illinois. After they entered the home, Pavichevich remained in the living room while "McDonald" went into the kitchen area. Moments later, McDonald called Pavichevich into the kitchen and introduced him to defendant, Bill Flippo. After a 10 to 15 minute interruption, Flippo exhibited a tinfoil packet and when Pavichevich inquired how much it would be, defendant replied that it was $100. The sale from Flippo to the agent was then completed. The Illinois Bureau of Investigation Crime Laboratory analysts who testified, established that the substance was heroin.

Defendant testified that prior to the time he was jailed for the current offense, he was a heroin addict. He said that he was at the house on February 8, 1971, the date of the alleged sale, and that the agent's testimony was true in stating that there was a girl with long blond hair watching television at the house, and that a Kenny Vogelbaugh had become sick from an overdose of narcotics. Defendant testified, however, that he did not sell drugs to Pavichevich that night. Special agent Erdman had maintained a surveillance of the residence and had observed Pavichevich and Joe McDonald approach the house at approximately 8:05 P.M. and leave at approximately 8:40 P.M. While Pavichevich and McDonald were at the house, there were 6 or 7 persons present. One individual was sitting with a needle inserted in his arm (Kenny Vogelbaugh), who later became sick from an overdose and was taken outside to recuperate. Pavichevich also testified directly that he counted out the $100 and handed it to Flippo, and that Flippo handed the agent Pavichevich the tinfoil packet. As the agent and McDonald were leaving, Pavichevich said that Flippo warned them to be careful of the stuff, that it was pretty potent and might kill them. The trial court found Flippo guilty.

Prior to the trial, defendant moved for the names and addresses of all persons who were present at the time of the purported sale of heroin. The motion was denied. At the trial, on cross-examination of agent Erdman, defense counsel was precluded from ascertaining the true identification of "Joe McDonald". There was testimony by one detective that two unnamed persons had told him that if an informant was identified in court there was a possibility he would be killed. The threats were not made against "Joe McDonald" specifically but against informants in general. Attempts to ascertain the correct identity of Joe McDonald during Pavichevich's cross examination were likewise denied by court-rulings. It was, however, established that one detective loaned McDonald money and the last time the detective talked to McDonald he recommended an attorney for McDonald's friend. Agent Erdman also testified that he paid McDonald money for the work he did.

With respect to the contention made by defendant that his constitutional rights to due process and to confrontation of witnesses against him were violated by the court's refusal to allow discovery of the informer, we have this day treated the same issue in *People v. Lewis, ante,* p. 762. We adopt that opinion herein.

The judgment of the circuit court of Rock Island County is reversed and the cause remanded for proceedings not inconsistent with this opinion.

Reversed and remanded.

STOUDER, J., concurs.

Mr. PRESIDING JUSTICE ALLOY dissenting:

I believe that the decision of the trial court refusing to require disclosure of the identity of the informer was proper and should be upheld. The issue before us was considered extensively in the case of *People v. Lewis, ante,* p. 762. I filed a dissenting opinion in such case which expresses in some detail the views which should be applied in the instant case. I renew my dissent as expressed in the *Lewis* case as a dissent in this case.