(No. 46079.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. JAMES E. LEWIS, Appellee.—THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. BILL FLIPPO, Appellee.—THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. RUSSELL WEATHERS, Appellee.

*Opinion filed May 20, 1974.*

William J. Scott, Attorney General, of Springfield, and David De Doncker, State's Attorney, of Rock Island (James B. Zagel, Assistant Attorney General, and F. Stewart Merdian and William G. Schick, Assistant State's Attorneys, of counsel), for the People.

Bruce Stratton, of Illinois Defender Project, of Ottawa (James Geis, Assistant District Defender, of counsel), for appellees.

MR. JUSTICE DAVIS delivered the opinion of the court:

These three cases are from the circuit court of Rock Island County. All concern a common problem, whether the defense must be given the name and address of the informer involved in the narcotics sales under consideration. The appellate court (one judge dissenting) reversed all convictions for failure to disclose the identity of the informers. We granted a consolidated petition for leave to appeal. The facts are adequately set forth in the appellate court opinions (*People v. Lewis* (1973), 12 Ill. App. 3d 762; *People v. Flippo* (1973), 12 Ill. App. 3d 774; *People v. Weathers* (1973), 12 Ill. App. 3d 776), and we will set forth here only those facts necessary to the decision of the cases.

*People v. Lewis* concerns the joint trial of two defendants for the sale of heroin to an I.B.I. agent. The sole occurrence witnesses were the purchasing agent, the informer and the two defendants. The purchasing agent testified that the buy was arranged by a special employee of the I.B.I., *i.e.,* a paid informer. This informer was the only person present when the sale allegedly took place other than the purchasing agent and the defendants. The defendants moved prior to trial for disclosure of the name and address of the informer. The motion was denied. At the trial, the defendant was not allowed to elicit the informer's name and address in that a detective sergeant alleged that threats had been made against her life. In

response to a question seeking the reason for secrecy, he stated that it was "because of the information that we received that some harm may come to this individual." The defendants denied that either the purchasing agent or the informer was present in the Armstrong house and denied any sale of narcotics.

*People v. Flippo* involved a different law-enforcement officer as purchasing agent, and a different informer, a male operating under the assumed name of Joe McDonald. Here there were several unidentified people in the house where the purchase was allegedly made, but only three people were claimed to have been present at the sale. They were the purchasing agent Daniel Pavichevich, Joe McDonald, and the defendant Bill Flippo. The defendant testified in his own behalf that he had been addicted to narcotics at the time of the alleged sale; that several people were at his house that night; that a person named Kenny had become ill from an overdose; that he did not recall Pavichevich's presence and that he would have remembered him if he had sold narcotics to him. In short, the defendant denies that the transaction ever took place. The defendant had moved for disclosure of Joe McDonald's real name and address prior to trial. The motion was denied.

In *People v. Weathers*, the purchasing agent was likewise Daniel Pavichevich and the informer was Joe McDonald with reference to two of the indictments, and Officer Webb and an unnamed female informer as to the other indictment.

The People contend that if an informer is simply present as a witness to part of a narcotics violation, but does not testify although the purchasing agent does testify, then the trial judge should be permitted to approve nondisclosure.

The determination of the problem in this case begins with the case of *Roviaro v. United States* (1957), 353 U.S. 53, 1 L. Ed. 2d 639, 77 S. Ct. 623. The controversial

paragraph of that opinion (353 U.S. 53 at 62, 1 L. Ed. 2d at 646) is:

"We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors."

For the reasons herein set forth, we believe, in the cases at bar, that the balancing of rights test as enunciated in *Roviaro* requires disclosure of an informer's identity at a trial on the merits. The informers were in the dual role of informer-participant in the sale of narcotics.

The problem is clearly set forth in the instant cases, wherein in each instance only three persons were present at each alleged sale, *i.e.*, the purchasing agent, the defendant, and the informer. Although there were other State agents on surveillance, in no instance were they able to corroborate the essential elements of sale. The defendants in each case denied the very presence of the purchasing agent and informer. Thus, there is corroboration for their presence at the scene, but not for the allegation of the act of sale.

We note that we are concerned here with evidence denied the defendant by not allowing disclosure of the informant's name and address at trials on the merits of the respective cases. In applying the balancing test set forth above to these cases, we are not enunciating a test for application to preliminary hearings, motions to suppress, or similar pretrial proceedings. We merely point out now that the same result may not be reached in such circumstances. (See *State v. Burnett* (1964), 42 N.J. 377,

201 A.2d 39.) Also for the general proposition that the rules of evidence do not apply with the same force to preliminary matters as they do at trial on the merits, see *United States v. Matlock* (1974), 415 U.S. 164, 39 L. Ed. 2d 242, 94 S. Ct. 988, although that case concerned a Federal rule which made the rules of evidence as to privilege applicable to preliminary matters.

Those who criticize disclosure in such instances advert to the rule that the State need not call all of its possible witnesses unless it desires to do so. However, this argument overlooks the fact that the defendant may desire to call certain of those prospective witnesses which the State does not. The Supreme Court in *Roviaro* clearly had such circumstances in mind when it said:

"The desirability of calling John Doe as a witness, or at least interviewing him in preparation for trial, was a matter for the accused rather than the Government to decide." (353 U.S. 53, 64, 1 L. Ed. 2d at 647.)

Also helpful is the language used in stating the court's holding:

"This is a case where the Government's informer was the sole participant, other than the accused, in the transaction charged. The informer was the only witness in a position to amplify or contradict the testimony of government witnesses. Moreover, a government witness testified that Doe denied knowing petitioner or ever having seen him before. We conclude that, under these circumstances, the trial court committed prejudicial error in permitting the Government to withhold the identity of its undercover employee in the face of repeated demands by the accused for his disclosure." 353 U.S. 53, 64-65, 1 L. Ed. 2d at 647.

We think the People's interpretation of how *Roviaro* is to be applied is constrained and unwarranted. If they are

correct, a defendant would never be entitled to know the informer's identity, for they could always claim that disclosure would place the informer's life or health in jeopardy. We are reluctant to take so light a view of the other safeguards which prior case law has provided for the protection of informers. If the prosecution can establish that giving the name and address of the witness would jeopardize his health and safety, the informer's true name and address can be withheld. (*United States v. Palermo* (7th Cir. 1969), 410 F.2d 468; *United States v. Varelli* (7th Cir. 1969), 407 F.2d 735; *People v. Manzella* (1973), 56 Ill.2d 187, 194.) In light of such safeguards, and the fact that the defendants in cases such as these will already know the informer by sight and may already know him or her by the assumed name, it is unfair to refuse to afford a defendant the opportunity of deciding for himself whether or not the informer could provide testimony helpful to the defense. To deny access to the informer in such circumstances is to deny to a defendant his sixth amendment rights as established by *Roviaro*.

Supreme Court Rule 412(j)(ii) (Ill. Rev. Stat. 1971, ch. 110A, par. 412(j)(ii)) does not require a different result. It provides that:

> "Informants. Disclosure of an informant's identity shall not be required where his identity is a prosecution secret and a failure to disclose will not infringe the constitutional rights of the accused. Disclosure shall not be denied hereunder of the identity of witnesses to be produced at a hearing or trial."

The Committee Comments on this rule are as follows:

> "Paragraph (j), subparagraph (ii). The value of informants to effective law enforcement is so highly regarded that encouragement of their use, through protection of their identity, has resulted in the development of one of the few privileges accorded to the State. The public interest in protecting the sources of information concerning the commission of crimes is served by providing for the nondisclosure of the identity of informants except when

compelling circumstances require it. Disclosure should only be required when constitutional problems are raised or when the informant's identity is to be disclosed at trial (although a protective order under Rule 414(d) might still be in order). The cases which have established this privilege include *McCray v. Illinois*, 386 U.S. 300 (1967); *Roviaro v. United States*, 353 U.S. 53 (1957); *People v. White*, 16 N.Y.2d 270, 266 N.Y.S.2d 100, 213 N.E.2d 438 (1965); and *Commonwealth v. Carter*, 208 Pa. Super. 245, 222 A.2d 475 (1966), *aff'd mem.*, 209 Pa. Super. 732, 226 A.2d 215 (1967)."

Inasmuch as we find that nondisclosure of the informer's identity does deprive the defendant of a constitutional right, the rule is applicable.

As in *Roviaro* here the government's informer was the sole participant, other than the accused and a purchasing police officer, in the transaction charged. The informer was the only witness in a position to amplify or contradict the testimony of the government witnesses. In such instances the defendant must, at minimum, be allowed to interview the informer, and if he desires, call him as his own witness, and the informer should not be made to disclose his true name and address if it can truly be shown that his life or safety is in jeopardy. Such a procedure will insure that the defendant is not denied his constitutional rights and that the informer will be provided adequate protection to insure his health and safety, and not diminish the ability of the State to use informers in the course of its narcotics investigations. Therefore, the judgments of the appellate court are affirmed.

*Judgments affirmed.*