**STATE of Maine**

**v.**

**Ralph L. BROOKS.**

Supreme Judicial Court of Maine.

Nov. 16, 1976.

David W. Crook, Asst. Dist. Atty., Skowhegan, for plaintiff.

Elton A. Burky, Pittsfield, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE,* POMEROY, WERNICK, ARCHIBALD, JJ.

ARCHIBALD, Justice.

The defendant was indicted, tried before a jury and convicted of breaking and entering with the intent to commit larceny. 17 M.R.S.A. § 754. He has appealed, claiming error in the denial of (1) his motion for the disclosure of the identity of a "secret informer" and (2) a motion for a mistrial.

We deny the appeal.

As the appeal is postured, it is unnecessary to analyze the facts. Suffice it to say that our review of the record clearly reveals an adequate factual basis which would justify a rational jury in concluding beyond a reasonable doubt that the crime charged in the indictment had been committed by the defendant.

THE MOTION FOR DISCLOSURE

Prior to trial the appellant moved for the disclosure of the identity of a person who, admittedly, had informed the police of a plan to engage in this criminal activity. In support of his motion the defendant argued that he had been enticed and entrapped into being found at the scene under incriminating circumstances. The prosecuting attorney assured the Court that the informer was not a participant in the crime and would not be used as a witness

* WEATHERBEE, J., sat at argument and participated in consultation but died prior to preparation of opinion.

at trial. The presiding Justice denied the motion.

In *Roviaro v. United States*, 353 U.S. 53, 62, 77 S.Ct. 623, 628–29, 1 L.Ed.2d 639 (1957), the Supreme Court of the United States, in discussing the right of a criminal defendant to know the identity of a police informer, used this language:

"We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors."

■ Acting within the range of sound judicial discretion upon a showing of actual relevance and that a fair determination of the case requires it, a presiding justice may require the State's privilege of nondisclosure of an informant's identity to yield to a disclosure motion. *United States v. Fredia*, 319 F.2d 853, 854 (2d Cir. 1963). *See State v. Hawkins*, 261 A.2d 255, 260 (Me.1970). *See, e.g., United States v. Konigsberg*, 336 F.2d 844, 848 (3d Cir.), *cert. denied*, 379 U.S. 933, 85 S.Ct. 334, 13 L.Ed.2d 344 (1964); *United States v. One 1957 Ford Ranchero Pickup Truck*, 265 F.2d 21, 26 (10th Cir. 1959).

■■ In *Roviaro, supra*, the Court emphasized that where the informer was an active participant in the crime, and where his testimony "was highly relevant and might have been helpful to the defense," the informer's identity must be disclosed.[1] 353 U.S. at 63–64, 77 S.Ct. at 629. The presence of the informer at the scene of the alleged crime, or his involvement in the criminal activity for which the defendant is charged, has been viewed as a significant factor in the decision to require disclosure. *See, e.g., Portomene v. United States*, 221 F.2d 582, 584 (5th Cir. 1955); *People v. McShann*, 50 Cal.2d 802, 330 P.2d 33, 35 (1958). Where, however, there is no showing that the informer was connected with the defendant's criminal conduct, but was merely conveying information to law enforcement officials, nondisclosure of his identity is justified. *See, e. g., Cook v. United States*, 354 F.2d 529, 531 (9th Cir. 1965); *Miller v. United States*, 273 F.2d 279, 281 (5th Cir. 1959); *Pegram v. United States*, 267 F.2d 781, 782–83 (6th Cir. 1959); *People v. White*, 16 N.Y.2d 270, 266 N.Y.S.2d 100, 213 N.E.2d 438, 440 (1965); *Lee v. State*, 235 Md. 301, 201 A.2d 502, 504 (1964); *People v. Beattie*, 31 Ill.2d 257, 201 N.E.2d 396, 398 (1964).

■ In the instant case the defendant maintains that the identity of the informer was essential to the presentation of an entrapment defense. In appropriate cases, we have no doubt that the identity of an informer should be revealed in order to assist an accused to properly raise that issue. However, a defendant's *bare assertion* that he has been entrapped is not sufficient to warrant disclosure. *Miller v. United States*, 273 F.2d 279, 281 (5th Cir. 1959); *State v. Dolce*, 41 N.J. 422, 197 A.2d 185, 192 (1964). There must be some showing by a defendant that the informer did more than merely convey information to police officials. *United States v. Acosta*, 411 F.2d 627, 630 (5th Cir. 1969).

[1]. We note that the decision in *McCray v. Illinois*, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967), is not controlling here. In *McCray*, the Court held that where the informer's testimony is relevant only on the issue of probable cause to arrest, and not guilt or innocence, his identity need not be revealed. *Id.* at 311, 87 S.Ct. 1056. *See also State v. Hawkins*, 261 A.2d 255, 260 (Me.1970).

■ The appellant in this case has failed to make such a showing. In light of the assurances by the prosecuting attorney that the informer was not involved in the crime with which the appellant was charged, the presiding Justice acted properly in denying the motion for disclosure. Viewed retrospectively, if the police did know the identity of the informer, the facts as proved at the trial in no way suggested any real defense need for the requested disclosure.

## THE MOTION FOR MISTRIAL

During the defendant's cross-examination of the property owner's son, the following exchange took place:

"Q. When the person who you identified as Mr. Brooks came out of the building, did you express some surprise?

A. Somewhat, yes.

Q. You were surprised to see Mr. Brooks coming out of your building?

A. Sure was.

Q. You had known Mr. Louie Brooks for some time hadn't you?

A. I had been — I had known him, who he was. I had been associated with him through Jaycees, when I was president of the Jaycees. *In fact, that is how he got out of State prison, is because he came to work for me.*" (Emphasis supplied.)

The presiding Justice immediately requested that the jury leave the courtroom, and the defendant moved for a mistrial. The Justice below denied the motion and, upon the jury's return, gave the following curative instruction:

"Mr. Foreman, ladies and gentlemen of the Jury, there was a statement made, I am certain inadvertently, by this witness indicating something to do with jails. I wish to inform you that you are to disregard that statement. Don't consider it at all as it relates to this man, because if you do, you will be very unfair, not only to him but to our entire process. So forget the statement was ever made."

The defendant later testified and admitted that he had a prior criminal record.

The defendant contends that it was error to have denied his motion for a mistrial because the witness' reference to the defendant's imprisonment was so prejudicial as to be incapable of being cured by any instruction.

■ We have repeatedly stated that the decision to grant a mistrial rests in the sound discretion of the presiding justice. A mistrial should be granted only where "no remedial measure short of a new trial will satisfy the interests of justice." *State v. Kelley,* 357 A.2d 890, 896 (Me.1976). *See also State v. Prudenzano,* 365 A.2d 418 (Me. opinion dated October 26, 1976); *State v. Gagne,* 349 A.2d 193, 198 (Me. 1975).

■ Because of the potential prejudicial impact on a jury, the prior convictions of a criminal defendant are admissible for impeachment purposes in very limited, and narrowly defined, circumstances. 16 M.R. S.A. § 56.[2] See Rule 609, Maine Rules of

---

2. "No person is incompetent to testify in any court or legal proceeding in consequence of having been convicted of an offense, but conviction of a felony, any larceny or any other crime involving moral turpitude may be shown to affect his credibility, provided that less than 15 years have transpired since said conviction and less than 10 years have transpired since termination of any incarceration/period therefor."

Evidence, effective February 2, 1976. However, it does not necessarily follow that a defendant is always entitled to a mistrial as a result of an improper reference to his past criminal conduct. In *State v. Coombs*, 351 A.2d 122 (Me.1976), the prosecuting attorney, in cross-examination improperly asked the defendant whether he had been previously convicted of a felony. We held that the presiding Justice did not abuse his discretion in denying the ensuing motion for a mistrial, where he sternly admonished the jury to disregard any reference to the suggested criminal conviction. *See State v. Hachey*, 278 A.2d 397 (Me. 1971); *State v. Toppi*, 275 A.2d 805 (Me. 1971).

Here, the witness' gratuitous reference to the appellant's prior imprisonment was nonresponsive and improper. Nevertheless, the presiding Justice promply instructed the jury to disregard that portion of his testimony. The Justice below was in a unique position to determine whether the improper remark was so prejudicial as to necessitate a new trial. *State v. Heald*, 292 A.2d 200, 203 (Me.1972). Since, in his judgment, an immediate instruction to disregard the improper remark was curative, we cannot say that he abused his discretion in refusing to grant a mistrial. *Accord, United States v. Vita*, 294 F.2d 524, 526 (2d Cir. 1961); *Reistroffer v. United States*, 258 F.2d 379, 393 (8th Cir. 1958); *Commonwealth v. Early*, 349 Mass. 636, 212 N.E.2d 457, 458 (1965); *Hopper v. People*, 152 Colo. 405, 382 P.2d 540, 541–42 (1963); *Redmon v. Commonwealth*, 321 S.W.2d 397, 398 (Ky.1959); *People v. Curtis*, 232 Cal.App. 859, 43 Cal.Rptr. 286, 291 (1965).

The entry is:

Appeal denied.

All Justices concurring.

DELAHANTY, J., did not sit.