**STATE of Maine**

v.

**Robert A. COULOMBE.**

Supreme Judicial Court of Maine.

May 19, 1977.

David M. Cox, Dist. Atty., Paul W. Chaiken, R. Christopher Almy, Asst. Dist. Attys., Bangor, for plaintiff.

Julio DeSanctis, III, Bangor, for defendant.

Before DUFRESNE, C. J., and POMEROY, WERNICK, ARCHIBALD, DELAHANTY and GODFREY, JJ.

ARCHIBALD, Justice.

The Penobscot County grand jury returned an indictment against the defendant charging him with two counts of felonious trespass in violation of 17 M.R.S.A. § 3854(4).[1] A jury returned guilty verdicts on both counts and the defendant has appealed from the resulting judgments. He claims error (1) in the refusal to strike in-court identifications of the defendant on the ground that they were tainted by impermissible pre-trial identification procedures, and (2) in the refusal to grant defendant's motion for a mistrial.

We deny the appeal.

## FACTS

On the afternoon of April 12, 1976, a housewife in Old Town, Maine, discovered an unknown and uninvited man inside her home. After some brief questioning, the stranger departed. Shortly thereafter this man made an uninvited entry into the nearby home of a second housewife. Once again he left after a brief conversation.

Both women immediately notified the police and gave descriptions of the man they had observed. The defendant was promptly apprehended and was taken, accompanied by police officers, to the complaining witnesses who identified him as the man who had entered their homes.[2]

---

1. 17 M.R.S.A. § 3854(4) provides:

    "Whoever willfully enters, or attempts to enter, any dwelling house, camp, cottage or locked building, where valuables are kept, without the permission of the owner or occupant thereof, shall be punished by a fine of not more than $1,000 or by imprisonment for not more than 2 years, or by both." (P.L.1973, ch. 494, § 4)

2. The record reveals that in one case the police brought the defendant into the witness's home and asked her if she could identify him. She responded that she could. The second witness identified the defendant while he was sitting in the front seat of a police cruiser parked in her driveway.

At trial both women made in-court identifications of the defendant and, *without objection*, testified concerning their out-of-court identifications.

I

■ The defendant asserts that the in-court identifications were improper because they were tainted by impermissibly suggestive pre-trial identifications.[3] *See State v. Caplan*, 353 A.2d 172, 175 (Me.1976). In view of the fact that the defendant did not make a timely objection to the in-court identifications,[4] our review is limited to a determination of whether

"the evidence complained of admitted without objection is so highly prejudicial and so taints the proceeding as virtually to deprive the aggrieved party of a fair trial . . . ."

*State v. Levesque*, 281 A.2d 570, 577 (Me. 1971). *Accord, State v. Rowe*, 314 A.2d 407, 411 (Me.1974); *State v. Carlson*, 308 A.2d 294, 296–97 (Me.1973).

It is well established that an in-court identification of a defendant should not be permitted

"if such identification is tainted by an impermissibly suggestive pretrial lineup [or pre-trial showup] identification unless the in-court identification has an independent source." (bracketed material added)

*State v. Caplan, supra* at 175. *See also State v. Colby*, 361 A.2d 256, 260 (Me.1976). *Assuming*, although not necessarily deciding, that the pre-trial identifications of this defendant were improper, we must determine whether the Justice below erroneously refused to strike the in-court identifications. Although the Justice made no findings, it is certainly clear that he would have granted the motion had he felt the evidence was tainted. His conclusion otherwise is supported by the record.

■ The evidence in this case is compelling that both witnesses based their in-court identifications of the defendant on their original observations of him. Both women had ample opportunity to observe the defendant under excellent lighting conditions; both were in close proximity to him; both independently gave accurate descriptions of him to the police, including clothing and appearance, enabling the police within moments to apprehend the defendant. The ruling of the Justice below was amply supported by the evidence. *See State v. Colby*, 361 A.2d at 260 n. 5; *State v. Rowe, supra*

---

**3.** The defendant did not claim, either at trial or on appeal, that it was error to have admitted testimony concerning the allegedly improper pre-trial identifications themselves. *See, e. g., State v. Rowe*, 314 A.2d 407, 414–15 (Me.1974); *State v. Boyd*, 294 A.2d 459, 464 (Me.1972). *See also Gilbert v. California*, 388 U.S. 263, 272–74, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967). Therefore, we do not reach this issue. *See State v. Strollo*, 370 A.2d 675 (Me.1977); *State v. Pomerleau*, 363 A.2d 692, 696–97 (Me.1976). Our decision in this case is limited to a determination of whether the in-court identifications were properly allowed.

In arguing before the presiding Justice, the defendant contended that he was entitled to the assistance of counsel at the pre-trial identifications. Although the defendant mentions this point in his brief, he does not press it as a basis for reversal. We discuss it no further than to state that in light of the United States Supreme Court decision in *Kirby v. Illinois*, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972), and our own decision in *State v. Northup*, 303 A.2d 1 (Me.1973), it is obvious that the defendant was not entitled to counsel at the confrontation between him and the witnesses.

**4.** The record clearly shows that it was not until after the close of the State's evidence that the defendant moved to strike the in-court identifications. This is not in compliance with Rule 51, M.R.Crim.P. *See State v. Colby*, 361 A.2d 256, 260 n.4 (Me.1976). The presiding Justice did not strike any identification evidence, but made no findings of fact with respect to either the suggestiveness of the pre-trial identifications or the independent origins of the in-court identifications.

We emphasize, once again, that the recommended practice in cases involving a challenge to the admissibility of an in-court identification, is to excuse the jury and conduct an evidentiary hearing. *State v. Boyd*, 294 A.2d 459, 465–66 (Me.1972), *citing Clemons v. United States*, 133 U.S.App.D.C. 27, 408 F.2d 1230, 1237 (1968), *cert. denied*, 394 U.S. 964, 89 S.Ct. 1318, 22 L.Ed.2d 567 (1969). Of course, where no objection is made, a preliminary hearing of the type suggested in *Boyd* is not necessary. *See State v. Colby, supra* at 261; *State v. Chapman*, 358 A.2d 387, 393 (Me.1976).

at 415; *State v. Northup*, 303 A.2d 1, 6 (Me.1973).

## II

 The defendant's second claim of error involves an allegedly improper remark made by the presiding Justice. In response to defense counsel's request that the witnesses be sequestered, the Justice below made the following statement:

> "All right, and does the Defense have any witnesses other than the Defendant?"[5]

At the close of the State's case, the defendant moved for a mistrial claiming that the above quoted remark implied to the jury that the presiding Justice expected the defendant to testify, thereby prejudicing his right not to do so.[6] The presiding Justice denied the motion for a mistrial but did instruct the jury that it was to draw no adverse inference from the fact that the defendant was not a witness.[7]

We reject the defendant's suggestion that the Justice's remark was an improper reference to the defendant's exercise of his constitutional and statutory right not to testify. *See Griffin v. California*, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965). The remark did not "single out" the defendant, either directly or indirectly, "as the absent witness who might rebut the prosecution's evidence." *State v. Tibbetts*, 299 A.2d 883, 888 (Me.1973). The Justice below did not indicate that he expected the defendant to testify, and it is highly unlikely that the jury so construed the remark.

Moreover, we have consistently held that the decision to grant a mistrial rests in the discretion of the presiding Justice. *See, e.*

g., *State v. Brooks*, 366 A.2d 179, 182 (Me. 1976); *State v. Kelley*, 357 A.2d 890, 896 (Me.1976). The Justice below was in a far better position than we are to assess what, if any, impact the remark had on the jury. In his judgment a new trial was not necessary, and we cannot say that, as a matter of law, he was incorrect in denying the motion. *See State v. Bazinet*, 372 A.2d 1036 (Me.1977).

The entry is:

Appeal denied.

---

**5.** Defense counsel voiced no objection to this remark but merely replied, "No, your Honor."

**6.** The defendant, in fact, did not testify.

**7.** "[T]he Defendant has no burden whatsoever. He's not required to prove his innocence; he's not required to rebut or disprove any of the *allegations made* by the State or any of the evidence produced by the State. He's not required to take the stand; he's not required to produce any witnesses or for that matter, any evidence at all of any kind; and if he chooses

not to testify or not to take the stand or not to produce any other evidence, you are not from that to draw any inference of guilt. And I'm sure that you can exercise the mental discipline necessary to do that. And I'm sure that you understand why this is necessary in order to protect the Constitutional Rights of every Defendant. The burden is entirely upon the State."

We have every right to assume that the jury adhered to this instruction. *State v. Cugliata*, 372 A.2d 1019 (Me., 1977).