STATE of Maine

v.

**Richard E. DAVIS, Jr.**

Supreme Judicial Court of Maine.

May 15, 1978.

Henry N. Berry, III., Dist. Atty., Peter G. Ballou, Deputy Dist. Atty. (orally), Stephen M. Sumner, Law Student, Portland, for plaintiff.

Norman & Hanson by Peter J. DeTroy, III (orally), Portland, for defendant.

Before POMEROY, WERNICK, ARCHI-BALD, DELAHANTY, GODFREY and NICHOLS, JJ.

PER CURIAM.

The Defendant, Richard E. Davis, Jr., was convicted of burglary following jury trial in Superior Court in Cumberland County. In bringing this appeal, he does not challenge the sufficiency of the evidence to support the verdict, but rather he argues that certain evidence admitted in the course of the trial denied him a fair trial.

We deny the appeal.

I.

The Defendant argues that, due to the admission of certain testimony allegedly in violation of our decision in *State v. Elwell,* Me., 380 A.2d 1016 (1977), the trial justice committed reversible error in failing to act on his own initiative to sever the Defendant's trial from that of a co-defendant. Parts I and II of our recent decision in *State v. Saucier,* Me., 385 A.2d 44 (1978) are dispositive of this argument.

## II.

A deputy sheriff was permitted to testify as to certain items which were recovered from under the front seat of the vehicle employed by the Defendant and his two cohorts. There was evidence that the Defendant occupied the driver's seat.

Counsel for the co-defendant objected on the basis that the witness was reading from a report, and that there had been no proper foundation for the testimony, either as present recollection refreshed or past recollection recorded. Counsel for this Defendant (not his counsel on this appeal) made no objection.

■ For the first time on appeal, it is argued that mention of those items, apparently unconnected to the burglary here in question but similar to some of the items taken therein, was irrelevant and prejudicially suggestive of other unlawful acts. Since this ground of objection was never presented to the court below, our review is limited to a determination of whether the evidence complained of is so highly prejudicial and so taints the proceeding as to effectively deprive the aggrieved party of a fair trial. *E. g., State v. Coulombe,* Me., 373 A.2d 255, 257 (1977).

■ One of the other two individuals indicted along with the Defendant turned State's evidence and supplied direct testimony of the Defendant's complicity in the burglary. In addition, several persons who lived near the residence which was burglarized supplied corroborative evidence placing the Defendant at the crime scene at the time of the burglary. Indeed, the Defendant and his cohorts were arrested virtually at the scene of the burglary. In view of the overwhelming evidence of the Defendant's complicity in the burglary, admission of the challenged testimony, if an error at all, was not a manifest error, nor an error so highly prejudicial as to deprive the Defendant of a fair trial.

The entry is:

Appeal denied.

Judgment affirmed.

McKUSICK, C. J., did not sit.