THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
JIMMIE LEE BROWN, Defendant-Appellee.

Second District   No. 2—85—0745

Opinion filed December 31, 1986.

Fred L. Foreman, State's Attorney, of Waukegan (Kenneth R. Boyle, William L. Browers, and Marshall Stevens, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

G. Joseph Weller and Steven E. Wiltgen, both of State Appellate Defender's Office, of Elgin, for appellee.

JUSTICE REINHARD delivered the opinion of the court:

Defendant, Jimmie Lee Brown, was charged in the circuit court of Lake County with the offenses of possession of a stolen vehicle (Ill. Rev. Stat. 1985, ch. 95½, par. 4—103(a)(1)) and felony theft (Ill. Rev. Stat. 1985, ch. 38, par. 16—1(a)(1)). The State appeals pursuant to Su-

preme Court Rule 604(a)(1) (103 Ill. 2d R. 604(a)(1)) from an order dismissing the charges upon a finding by the trial court that defendant's constitutional right to due process was denied by the State's policy of not finding out the names of witnesses and, in particular here, by not finding out the name of an eyewitness to an occurrence who gave information to the policy under a Crime Stoppers program.

The single issue raised on appeal is whether the practice of the Waukegan police department through its Crime Stoppers program of soliciting anonymous tips from citizens concerning their knowledge of criminal conduct violated defendant's due process rights under the circumstances in this record.

Briefly stated, the facts are that defendant was charged with possession of a stolen vehicle and theft arising out of his unauthorized control over a Honda motorcycle on July 7, 1985. In defendant's motion for supplemental discovery, it was alleged that the existence and identity of two individuals, Mark Rosenthal and Michael Sczygielski, who gave statements to the Waukegan police, were revealed to the police through a Crime Stoppers program. Defendant claimed that he was entitled to know the informant's name and the content of the tip to determine if the informant was an eyewitness and possessed evidence exculpating defendant. The State was ordered to furnish a copy of the Crime Stoppers report to defendant and subsequently did so. Defendant filed a motion to dismiss contending that the Crime Stoppers report indicated that the anonymous informant was an eyewitness, that the informant's name was not known because of the police policy not to obtain the names of persons giving information under this program, that defendant was entitled to any material that might negate his guilt, and that his due process right was violated.

At an evidentiary hearing on the motion to dismiss, Lt. Donald Burleson, the Crime Stoppers police coordinator of the Waukegan police department, testified that the Crime Stoppers program is based on anonymous tips from the public, that the tips are investigated by the police, and that tips leading to arrest and indictment result in cash rewards to the anonymous caller. The caller is given an identifying code number and no attempt is ever made to identify the caller. If someone insists on giving a name, the caller is referred to the detective bureau. A poster used to advertise the program indicates the telephone number to call, a reward offer, and a guarantee of anonymity. The program is a joint operation of some 26 communities and their police departments. Lt. Burleson took the anonymous call pertaining to this case and filled out the Crime Stoppers information sheet which set forth the following narrative information:

"Caller stated the above suspect [Mark Rosenthal] was seen with a B/M [black male] shortly after an accident trying to remove the M.C. [motorcycle] from the area. The other suspect is described as a M/B [male black]. He was riding the bike at the time of the accident."

Defendant argued below that the motion to dismiss should be granted because the policy of the Crime Stoppers program is to discourage callers from identifying themselves by name even though a caller might potentially be an exculpatory eyewitness. He contended that this policy deprived him of the opportunity to locate the potential eyewitness and therefore denied him due process in fully preparing and trying his case. The trial court found that the anonymous caller was an eyewitness to the occurrence, that the testimony of the witness would be exculpatory because it identified Mark Rosenthal as the perpetrator of the offense, and that the State's policy of not identifying callers violated the rule in *Brady v. Maryland* (1963), 373 U.S. 83, 10 L. Ed. 2d 215, 83 S. Ct. 1194, and deprived defendant of his due process rights. Defendant's motion to dismiss was granted.

The State maintains on appeal that the failure of the police through the Crime Stoppers program to obtain the names of anonymous informants potentially useful to defendant does not violate his due process rights where the failure to do so is intended to further police investigation into crime and is not undertaken to hinder defendant's attempts at discovery. It also argues that it is mere speculation that defendant's case would be aided by the anonymous caller.

Defendant responds that the trial court correctly dismissed the charges both as a sanction for denying defendant access to a material witness and as a sanction for failing to comply with the State's obligation under discovery rules to ensure that all information relevant to an offense shall come into the State's possession. He also argues that under his constitutionally guaranteed right to access to evidence, law enforcement has a duty to preserve evidence because the State's investigation resources exceed those of the defense.

Supreme Court Rule 412 (87 Ill. 2d R. 412) provides that the State shall, upon written motion of defense counsel, disclose certain specified material and information *within its possession or control.* Specifically, paragraph (c) of Rule 412 provides, in pertinent part, that the State disclose "any material or information *within its possession or control* which tends to negate the guilt of the accused as to the offense charged or would tend to reduce his punishment therefor." (Emphasis added.) (87 Ill. 2d R. 412(c).) Paragraph (c) is included in Rule 412 to comply with the constitutional requirement that the prosecu-

tion disclose evidence favorable to an accused where the evidence is material either to guilt or to punishment. (87 Ill. 2d R. 412, Committee Comments.) Further, paragraph (j)(ii) provides, in part, that "[d]isclosure of an informant's identity shall not be required where his identity is a prosecution secret and a failure to disclose will not infringe the constitutional rights of the accused." 87 Ill. 2d R. 412(j)(ii).

■ It is clear under the facts in this record that the State did not have within its possession or control the name of the anonymous informant. Therefore, the State was under no duty to disclose under Rule 412 information it did not possess. Moreover, the premise upon which the trial judge based the dismissal of the charges, *i.e.*, that the testimony of the anonymous informant would be exculpatory for defendant, is without factual support. The minimal information provided by the anonymous informant as noted by Lt. Burleson in the Crime Stoppers report is not in any way exculpatory and, at best, can only lead one to speculate as to its potential to be favorable to defendant and material to the defense. Thus, the trial judge's order dismissing the charges is reversed on the basis that under the facts in the record, defendant was not entitled to discovery under Rule 412 (87 Ill. 2d R. 412).

Nevertheless, because the decision of the trial court and the arguments of defendant on appeal bring into question the balancing of an accused's right to gain information for his defense against the public interest in obtaining information concerning the commission of crimes through encouraging citizens to communicate their knowledge of criminal activity to law-enforcement officials by preserving their anonymity, we feel compelled to briefly comment further.

■■ ■ The parties have not cited, nor have we discovered, any decisions in Illinois or in other jurisdictions analyzing whether under the circumstances argued here by defendant programs such as Crime Stoppers, which encourage and depend upon anonymous informants, deprive an accused of due process by preventing access to a material witness. In Illinois, Supreme Court Rule 412(j)(ii), as noted above, provides that the identity of an informant is not subject to disclosure where the identity is a prosecution secret and a failure to disclose will not infringe on the constitutional rights of the accused. It is evident that the rule presupposes that the identity of the informant is known to the law-enforcement agency. The committee comments on this rule are as follows:

> "The value of informants to effective law enforcement is so highly regarded that encouragement of their use, through protection of their identity, has resulted in the development of one

of the few privileges accorded to the State. The public interest in protecting the sources of information concerning the commission of crimes is served by providing for the nondisclosure of the identity of informants except when compelling circumstances require it. Disclosure should only be required when constitutional problems are raised or when the informant's identity is to be disclosed at trial (although a protective order under Rule 414(d) might still be in order). The cases which have established this privilege include *McCray v. Illinois* [(1967)], 386 U.S. 300 [, 18 L. Ed. 2d 62, 87 S. Ct. 1056]; *Roviaro v. United States* [(1957)], 353 U.S. 53 [, 1 L. Ed. 2d 639, 77 S. Ct. 623]; *People v. White*, 16 N.Y.2d 270, 266 N.Y.S.2d 100, 213 N.E.2d 438 (1965); and *Commonwealth v. Carter*, 208 Pa. Super. 245, 222 A.2d 475 (1966), *aff'd mem.*, 209 Pa. Super. 732, 226 A.2d 215 (1967)." (87 Ill. 2d R. 412(j)(ii), Committee Comments, at 433-34.)

These comments make it clear that the public interest in protecting the sources of information concerning the commission of crime is served by providing for the nondisclosure of the identity of informants except when constitutional problems are raised. In this regard, it has been held that disclosure of the identity of an informant who is known to the law-enforcement officials can be required where an informant acted in the dual role of informant-participant in a crime. (*People v. Lewis* (1974), 57 Ill. 2d 232, 234-35, 311 N.E.2d 685; *People v. Saldana* (1986), 146 Ill. App. 3d 328, 333, 496 N.E.2d 757; see also *People v. Chaney* (1976), 63 Ill. 2d 216, 225, 347 N.E.2d 138; *People v. Raess* (1986), 146 Ill. App. 3d 384, 390-91, 496 N.E.2d 1186.) Under Federal law, the privilege of nondisclosure of a known informant is also not absolute, and its scope is limited by balancing the public interest in protecting the flow of information against the individual's right to prepare his defense (see *Roviaro v. United States* (1957), 353 U.S. 53, 1 L. Ed. 2d 639, 77 S. Ct. 623), although the request for disclosure must relate to the fundamental question of guilt or innocence rather than to the preliminary issue of probable cause (see *McCray v. Illinois* (1967), 386 U.S. 300, 18 L. Ed. 2d 62, 87 S. Ct. 1056).

■ Programs such as Crime Stoppers have been praised as a useful police investigation tool. (See *Bertolotti v. State* (Fla. 1985), 476 So.2d 130, 132; *Balentine v. State* (Alaska App. 1985), 707 P.2d 922, 926-29.) We have not found a single case, however, in which a reviewing court either criticized a program where citizens are encouraged to give information concerning crimes anonymously or found such a program to conflict with a defendant's right of due process. The rationale

and holding of the trial judge below contradicts the general public interest in effective law enforcement by encouraging citizens to communicate their knowledge of the commission of crimes to law-enforcement officials. The use of a Crime Stoppers program is a legitimate investigative tool of law enforcement which may provide information leading to evidence in a crime. We fail to perceive any infringement on an accused's constitutional rights under the Crime Stoppers program described in this record.

For the foregoing reasons, the judgment of the circuit court of Lake County is reversed, and the cause is remanded.

Reversed and remanded.

NASH, P.J., and HOPF, J., concur.