■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELLIS JOHNSON, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Delin, J.), rendered October 18, 1984, convicting him of attempted criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

On the instant appeal, the defendant argues that the hearing court improperly restricted defense counsel's cross-examination of the arresting detective during the suppression hearing. We disagree.

Prior to the taking of testimony at the suppression hearing, the People conceded that the arresting detective spoke with a confidential informant before entering a bar and arresting the defendant. During the course of the suppression hearing, the arresting detective unequivocally testified (1) that at about 12:25 A.M. on January 30, 1984, he observed the defendant sitting in a bar with about 6 to 8 packets containing white powder in front of him, and (2) as he approached the defendant, the latter cupped the packets in his left hand and placed them in his left coat pocket. The detective thereupon searched the defendant, found numerous packets containing white powder on his person and arrested him. Subsequently, the defendant made an inculpatory statement to the police.

In view of the arresting detective's testimony concerning the arrest, i.e., that drugs were observed in plain view in front of the defendant, neither disclosure of the confidential informant's identity, nor inquiry, through cross-examination of the detective, into any prearrest conversations between the detective and the confidential informant, was warranted *(see, People v Davis,* 111 AD2d 563; *People v White,* 16 NY2d 270, *cert denied* 386 US 1008). Accordingly, the court properly denied that branch of the defendant's omnibus motion which was to suppress physical evidence, and the judgment of conviction must be affirmed. Mangano, J. P., Bracken, Eiber and Spatt, JJ., concur.