■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT McAVOY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Collins, J.), rendered June 13, 1983, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were, *inter alia,* to suppress a statement made by him and certain identification evidence.

Ordered that the judgment is affirmed.

Great weight must be accorded the determination of the hearing court, with its particular advantages of having seen and heard the witnesses *(see, People v Prochilo, 41 NY2d 759, 761),* and its determination should not be disturbed if it is supported by the record *(see, People v Gee, 104 AD2d 561).* We find that the totality of the circumstances surrounding the defendant's arrest demonstrates beyond a reasonable doubt that the defendant's confession was voluntarily made *(see, Miranda v Arizona, 384 US 436; People v Anderson, 42 NY2d 35; People v Yarter, 41 NY2d 830; People v Huntley, 15 NY2d 72).* Contrary to the defendant's contentions, the record fails to demonstrate any evidence that the defendant was particularly young or immature, that he was in poor physical or mental condition, that he was interrogated at length or very intensely, that he was threatened or that the detectives made false statements to him calculated to overbear his will and to impair his capacity for self-determination *(see, People v Leonard, 59 AD2d 1).*

We also find that the photographic identification procedure was not so unduly suggestive as to create a substantial likelihood of irreparable misidentification *(see, Manson v Brathwaite, 432 US 98; Simmons v United States, 390 US 377).* In any event, the witness had a sufficient independent basis for an in-court identification of the defendant *(see, People v Smalls, 112 AD2d 173).*

The defendant's claim that the hearing court improperly denied his application for disclosure of the police informant's

identity is without merit *(see, People v White,* 16 NY2d 270, *cert denied* 386 US 1008; *People v Malinsky,* 15 NY2d 86; *People v Johnson,* 129 AD2d 815, *lv denied* 70 NY2d 713). The testimony by the police officers was more than sufficient to establish probable cause for the defendant's arrest while the informant had merely provided a tip as to the defendant's name.

The defendant's claim with respect to the denial of a missing witness charge as to the informant is not preserved for appellate review *(see,* CPL 470.05; *People v Medina,* 53 NY2d 951). In any event, the informant's tip was not relevant to the issue of guilt and disclosure of the informant's identity at trial was not required since the trial testimony of the police officers clearly established the defendant's identity *(see, People v Goggins,* 34 NY2d 163, *cert denied* 419 US 1012). Further, since the trial court refused to allow questioning concerning the photographic identification procedure, the existence of an informant was never made known to the jury. Under such circumstances, a missing witness charge would have merely created confusion on the part of the jury.

We have considered the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be without merit. Bracken, J. P., Kunzeman, Eiber and Kooper, JJ., concur.