■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL MURRAY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (DiTucci, J.), rendered March 8, 1985, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and sentencing him to an indeterminate term of from 10 to 20 years' imprisonment.

Judgment modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed to an indeterminate term of 7½ to 15 years' imprisonment. As so modified, judgment affirmed.

We find unpersuasive the defendant's contention that the People were required to produce as a witness the confidential informant who had played a minor role in the narcotics sale which resulted in the defendant's arrest. The record reveals that the police were unable to determine the informant's whereabouts and, in any event, defense counsel readily admitted that he knew the informant's identity and produced the informant at trial. Similarly, we discern no error in the People's refusal to reopen their case and call the informant as a prosecution witness *(see, People v Sapia,* 41 NY2d 160, *cert denied* 434 US 823; *People v Tayeh,* 96 AD2d 1045). Moreover, we note that since the defendant failed to call the informant after producing him in court, his present claim of a due process violation is without merit *(see, People v Almodovar,* 62 NY2d 126; *People v Buckler,* 39 NY2d 895). Indeed, the defendant chose to forego the informant's testimony purely as a matter of trial strategy and thus should not now be heard to complain, especially in light of the fact that the trial court acceded to defense counsel's request for a missing witness charge.

Although the prosecutor's comments with reference to the missing witness do not warrant reversal, the remarks were improper.

The sentence was excessive to the extent indicated.

We have considered the defendant's remaining contentions and find them to be without merit. Lazer, J. P., Niehoff, Kooper and Spatt, JJ., concur.