■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN PAGAN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lagana, J.), rendered March 30, 1984, convicting him of criminal possession of a controlled substance in the third degree and criminally using drug paraphernalia in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On May 26, 1983 at about 2:30 P.M., pursuant to a search warrant, the police forcibly entered an apartment and encountered the defendant standing in the kitchen without shirt, shoes or trousers.

A search of the middle and front bedrooms disclosed a quantity of controlled substances, and drug paraphernalia, cash and two handguns. A portion of the drugs and paraphernalia was in open view. The officers also found several pieces of mail addressed to the defendant, and two boxes containing papers bearing the defendant's name. According to police testimony, prior to leaving the apartment, the defendant dressed himself with a shirt and shoes which he took out of a closet in the apartment. The police witnesses also described the apartment as a "railroad" type with rooms arranged in line, the kitchen in the rear, then the living room, the middle bedroom and the front bedroom. They also stated that there were no doors between the rooms and that they could see directly through to the front bedroom from the kitchen.

Although the defendant initially stated to the police that he lived in the apartment, at trial he testified that the tenants of the apartment had asked him to watch it for them, and that he was in the apartment for only a few hours when the police broke in to conduct the search. He claimed that he had told the police that he lived next door, he had never walked through the apartment into the bedroom areas and he had never seen any of the items seized before they were found.

We find that the evidence was legally sufficient to establish the defendant's constructive possession of the contraband and drug paraphernalia seized in the apartment. The jury was entitled to infer that the defendant had both knowledge and control of the contraband based upon his presence in the apartment, the fact that his mail, personal papers, and cloth-

ing were found therein and his initial admission that he lived there *(see, People v Robertson,* 61 AD2d 600, *affd* 48 NY2d 993; *People v Reisman,* 29 NY2d 278, *cert denied* 405 US 1041; *cf., People v Rodriguez,* 104 AD2d 832).

We also find that contrary to the defendant's assertions, the statutory presumption of possession under Penal Law § 220.25 (2), which was not objected to when charged, was available in this case and the trial court properly instructed the jury on this issue *(see, People v Daniels,* 37 NY2d 624; *People v Caban,* 90 Misc 2d 43, 46-47).

Finally, the defendant was properly sentenced as a second felony offender and we find no basis to disturb the sentencing court's reasonable exercise of its discretion on this matter *(see, People v Suitte,* 90 AD2d 80). Mollen, P. J., Thompson, Bracken and Brown, JJ., concur.