■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIO DIBLASIO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kramer, J.), rendered December 2, 1986, convicting him of criminal sale of a controlled substance in the first degree (two counts), criminal sale of a controlled substance in the second degree, criminal sale of a controlled substance in the third degree, and criminal possession of a controlled substance in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Under the facts of this case the court did not improvidently exercise its discretion in denying the defendant's request to produce the confidential informant because the informant's participation in the transactions was minimal *(see, People v Lozada,* 104 AD2d 663). Inasmuch as the People were not obligated to produce the confidential informant, the trial court did not err by denying the defendant's request for a missing witness charge in regard to the confidential informant *(cf., People v Dianda,* 70 NY2d 894; *People v McAvoy,* 142 AD2d 605, 606).

We also find that the examples used by the court during its

supplemental charge on entrapment were intended to illustrate the concepts of that defense and were not prejudicial to the defendant *(see, People v Lilly,* 139 AD2d 671, *lv denied* 72 NY2d 862). Lastly, the defendant's sentence was not excessive *(see, People v Suitte,* 90 AD2d 80). Brown, J. P., Eiber, Kooper and Balletta, JJ., concur.