■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO ROSA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (G. Aronin, J.), rendered October 16, 1984, convicting him of criminal possession of a controlled substance in the first degree and criminal sale of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in a light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

Contrary to the defendant's assertions, the totality of proof was sufficient to establish that he exercised dominion and control over the apartment in which the narcotics were discovered, so as to be held accountable for constructive possession of the drugs *(see, People v Robertson,* 48 NY2d 993; *People v Plant,* 138 AD2d 968; *People v Pagan,* 133 AD2d 236). Specifically, the prosecution elicited testimony that the defendant sold narcotics from this apartment on several occasions and that he had advised the police, during a pedigree interview, that he resided in this apartment. This testimony, coupled with other evidence linking the defendant to the apartment and its contents, supports the jury's conclusion that the defendant was guilty of constructive possession of the contraband, despite the fact that he was not physically present in the apartment at the time of the seizure of the drugs *(see, People v Torres,* 68 NY2d 677).

The defendant additionally contends that he was deprived of

a fair trial by virtue of the trial court's denial of his request for the production of the confidential informant. He claims that the testimony of this informant was critical in terms of establishing his participation in the drug transactions underlying the judgment of conviction. A similar claim was raised and rejected by this court in the context of the appeal by the codefendant *(see, People v Rivera,* 137 AD2d 731, *lv denied* 71 NY2d 973) and we abide by our determination therein. To the extent that the defendant's claim is premised on the further notion that the informant's ability to substantiate his identity was crucial to the defense, the issue has not been preserved for appellate review since this precise argument was never advanced before the court of first instance. In any event, we conclude that an order compelling production of the confidential informant was not warranted since the defendant failed to demonstrate that the informant's testimony would have been exculpatory or likely to cast doubt upon the reliability of other evidence adduced by the prosecution, which amply connected the defendant to the commission of the crimes *(see, People v Jenkins,* 41 NY2d 307, 311-312; *People v Miller,* 124 AD2d 830; *People v Watson,* 120 AD2d 866; *People v McKinney,* 82 AD2d 895).

We have examined the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Mollen, P, J., Kunzeman, Rubin and Eiber, JJ., concur.