■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

ANTHONY RODRIGUEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Beldock, J.), rendered February 11, 1987, convicting him of criminal possession of a controlled substance in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the People failed to establish constructive possession of the cocaine found on top of his armoire in his bedroom in this purely circumstantial evidence case. Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. The conclusion of guilt was consistent with and flowed naturally from the facts and, when viewed as a whole, the proof excluded to a moral certainty every hypothesis other than guilt *(see, People v Barnes,* 50 NY2d 375; *People v Kennedy,* 47 NY2d 196; *People v Benzinger,* 36 NY2d 29). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]; *People v Torres,* 68 NY2d 677; *People v Reisman,* 29 NY2d 278, 286, 287, *cert denied* 405 US 1041; *People v Rosa,* 150 AD2d 623).

We reject the defendant's contention that his conviction was inconsistent or repugnant to the acquittal of his wife on the same charge. The evidence as to the culpability of the two was not identical since it is undisputed that she and not he gave the police permission to search the apartment. This critical fact supports the jury's conclusion that the drugs belonged to the defendant and not his wife.

Finally, although the defendant's objection to the rereading of the charge has not been preserved for review *(see, People v Gruttola,* 43 NY2d 116; *People v Wilkinson,* 139 AD2d 682), we note that there is no prohibition against a rereading of an instruction when it is clear and unambiguous in the first instance *(see, People v Malloy,* 55 NY2d 296; *People v Gonzales,* 77 AD2d 654, *affd* 56 NY2d 1001). In the instant case the record reveals that the initial charge was proper and, after the jury requested and received a rereading of the instruction as to criminal possession of a controlled substance in the first degree, members of the jury twice indicated that this satisfied their request and that they understood it. We find no error in the charge. Mollen, P. J., Kooper and Sullivan, JJ., concur.

Harwood, J., dissents and votes to reverse the judgment

appealed from, on the law, and to dismiss the indictment, with the following memorandum: I cannot agree with my colleagues that the proof in this purely circumstantial evidence case is sufficient to sustain the guilty verdict. As the majority acknowledges, the People's burden of proof required that they exclude to a moral certainty every hypothesis other than guilt *(see, People v Barnes,* 50 NY2d 375; *People v Kennedy,* 47 NY2d 196; *People v Benzinger,* 36 NY2d 29).

The police came to defendant's apartment after an attempt was made to rob him there. They received permission from defendant's wife to search the apartment as part of their investigation of the attempted robbery and found a quantity of cocaine atop a 10-foot-high armoire in a bedroom shared by defendant and his wife. Neither the defendant nor his wife was present in the apartment when the discovery was made. Both testified at trial and denied knowledge of the cocaine packages found on the armoire. In addition to defendant's wife, who was tried with him and acquitted of the crimes charged, others had access to the bedroom just before the search: the two robbers, a tenant who was forced to escort the robbers to the defendant's apartment and the defendant's 16-year-old son. Any one of them could have placed the drugs on the armoire before the discovery by the police.

Under all the circumstances I conclude that the People failed to sustain their burden of proof that the defendant possessed those drugs. The judgment should be reversed and the indictment should be dismissed.