■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD EARL, Appellant. [617 NYS2d 179] —Judgment, Supreme Court, Bronx County (Joseph Fisch, J.), rendered June 3, 1992, convicting defendant, after jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 15 years to life on each count, unanimously affirmed.

Defendant was present at the jury *voir dire* conducted in open court and had the opportunity to consult with his attorney before challenges for cause and peremptory challenges were presented to the court in a robing room conference at which defendant was not present. The robing room discussion "was a mere preliminary advisement of the court of challenges later effectuated in open court in the presence of defendant and thus did not constitute a material part of the trial" *(People v Velasco,* 77 NY2d 469, 473). Nor did discussion of "race-neutral" explanations in connection with defendant's peremptory challenges require defendant's presence in the robing room *(see, People v Williams,* 199 AD2d 445, 446, *lv denied* 83 NY2d 916). There being no limitation on consultation between defendant and his counsel, defendant's argument that perhaps he might better have articulated the reasons presented to the court, overlooks the principle that a choice to proceed with counsel precludes simultaneous self-representation *(People v Ferguson,* 67 NY2d 383, 390). Concur—Sullivan, J. P., Carro, Rosenberger, Williams and Tom, JJ.