defendant from a judgment of the County Court, Orange County (Pano Z. Patsalos, J.), rendered October 13, 1994, convicting him of driving while intoxicated, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of driving while intoxicated beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]). Mangano, P. J., Miller, Ritter and Pizzuto, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CRAIG WESTON, Appellant. [637 NYS2d 312] —Appeal by the defendant from a judgment of the County Court, Dutchess County (Dolan, J.), rendered December 22, 1994, convicting him of grand larceny in the fourth degree and criminal possession of stolen property in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's assertion on appeal, the first count of the indictment, which designated the crime with which the defendant was charged by name and section number and tracked the language of the relevant Penal Law provision, was not jurisdictionally defective *(see, People v Levin,* 57 NY2d 1008; *People v Cohen,* 52 NY2d 584; *People v Willett,* 102 NY 251; *People v Salvato,* 111 AD2d 773).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Mangano, P. J., Miller, Ritter and Pizzuto, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. IRA ROSENBERG, on Behalf of ANDREW URBAN, Petitioner, v WARDEN, Respondent. [637 NYS2d 316] —Writ of habeas corpus in the nature of an application for bail reduction upon Nassau County Indictment No. 93774/95.

Adjudged that the writ is dismissed, without costs or disbursements.

The determination of the Supreme Court, Nassau County, was not an improvident exercise of discretion, and did not violate "constitutional or statutory standards" *(People ex rel. Klein v Kruger,* 25 NY2d 497, 499; *see, People ex rel. Rosenthal v Wolfson,* 48 NY2d 230). O'Brien, J. P., Sullivan, Copertino and Joy, JJ., concur.