■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN PERKINS, Appellant. [643 NYS2d 173] —Appeal by the de-

fendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered January 7, 1993, convicting him of criminal possession of a controlled substance in the second degree, criminal possession of a controlled substance in the third degree, and criminally using drug paraphernalia in the second degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he is entitled to a new trial because of the People's delay in providing certain *Rosario* materials. While the complete failure to disclose *Rosario* material results in an automatic right to a new trial, a mere delay in disclosure requires reversal and a new trial only if there is a showing that the defense was "substantially prejudiced" by the delay (*People v Banch,* 80 NY2d 610, 617; *see also, People v Ranghelle,* 69 NY2d 56, 63). The defendant has failed to make an adequate showing of such prejudice.

The bulk of the *Rosario* materials in question were disclosed either prior to opening statements or a week before the witness testified. Thus, the defense counsel received copies of the *Rosario* statements in time to conduct meaningful cross-examinations of the witnesses who made the statements.

With respect to a so-called "rap sheet" regarding one witness that was provided to defense counsel on the morning of the day that this witness was to take the stand, upon objection, the court granted a continuance and the defense counsel was able to vigorously cross-examine the witness. Furthermore, the People's delivery of the cooperation agreement between another witness and the District Attorney the day after the witness had testified, did not substantially prejudice the defendant. The record reveals that although the defendant could have opted to recall this witness, he strategically declined to request this relief and instead agreed to place the cooperation agreement into evidence. Accordingly, we find no merit to the defendant's contention that his ability to cross-examine the witness was impaired by the People's delay in providing the cooperation agreement (*see, People v Cannon,* 171 AD2d 752, 753).

Moreover, the People's delay in producing Detective Minovich's handwritten notes did not constitute a violation of the *Rosario* rule inasmuch as Detective Minovich did not testify at trial (*see, People v Copes,* 200 AD2d 681; *People v Alejandro,* 175 AD2d 873).

The defendant further contends that the delayed disclosure of a letter written by one of the prosecution witnesses to his at-

torney constituted a violation of *Brady v Maryland* (373 US 83) and the court erred in failing to impose sanctions. The rule of *Brady v Maryland (supra)* does not require that disclosure be made at any particular point of the proceedings but only that it be made in time for the defense to use it effectively (*see, People v White,* 178 AD2d 674, 675). Here the letter was disclosed on the morning of opening statements and the defendant did use it on cross-examination. There is no indication that an earlier disclosure would have had any effect on the outcome of the trial (*see, People v Vilardi,* 76 NY2d 67).

The defendant contends that he was denied his right to a fair trial by the People's failure to produce the confidential informant at trial. We find that the defendant failed to demonstrate, either through his pretrial motion or upon the development of testimony at trial, that the confidential informant would have provided material and relevant testimony tending to exculpate the defendant (*see, People v Goggins,* 34 NY2d 163, 170, *cert denied* 419 US 1012; *People v Osorio,* 144 AD2d 965; *People v McAvoy,* 142 AD2d 605, 606; *People v McKinney,* 82 AD2d 895). At trial it was revealed that the informant's role was to supply the information that formed the basis of the search warrants. Thus, the People did not improvidently exercise their discretion in withholding disclosure of the confidential informant's identity since such disclosure would have placed the informant's life in jeopardy (*see, Roviaro v United States,* 353 US 53; *People v Garcia,* 51 AD2d 329, 331-332).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Thompson, J. P., Hart, Goldstein and McGinity, JJ., concur.