■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFRED P. DUFFY, Appellant. [647 NYS2d 275] —Appeal by the defendant from a judgment of the County Court, Dutchess County (Berry, J.), rendered August 25, 1992, convicting him of grand larceny in the third degree (four counts), grand larceny in the fourth degree, offering a false instrument for filing in the first degree (four counts), falsifying business records in the first degree (four counts), defrauding the government, official misconduct (five counts), and petit larceny (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by mak-

ing the sentences imposed for falsifying business records in the first degree under counts 21 and 24 of the indictment run concurrent to the sentences imposed for grand larceny in the third degree and grand larceny in the fourth degree under counts 22 and 25 of the indictment, respectively; as so modified, the judgment is affirmed.

Contrary to the defendant's claim, the indictment insofar as it charged him with grand larceny in the third and fourth degree was not jurisdictionally defective. These counts of the indictment cited and tracked the language of the applicable larceny statutes, and the People were not required to plead criminal intent or larceny by false pretenses *(see,* CPL 200.50 [7] [a]; Penal Law § 155.45 [1]; *People v Ray,* 71 NY2d 849, 850; *People v Levin,* 57 NY2d 1008, 1009; *People v Weston,* 223 AD2d 661; *People v Farruggia,* 41 AD2d 894; *People v Schwenk,* 92 Misc 2d 331, 335, 336-337).

The defendant raises numerous issues regarding the legal sufficiency of the evidence which are, for the most part, unpreserved for appellate review *(see,* CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

Under the facts of this case it was improper for the court to make the defendant's sentences for falsifying business records in the first degree under counts 21 and 24 of the indictment run consecutively to his sentences for grand larceny in the third degree and grand larceny in the fourth degree, under counts 22 and 25 of the indictment, respectively. Accordingly, the sentences are modified as indicated *(see, People v Laureano,* 87 NY2d 640).

The defendant's sentences are not excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Miller, J. P., Pizzuto, Joy and McGinity, JJ., concur.