■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICKEY WILLIAMS, Appellant. [662 NYS2d 896] —Judgment unanimously modified as a matter of discretion in the interest of justice and as modified affirmed in accordance with the following Memorandum: Defendant was convicted following a jury trial of three counts of criminal sale of a controlled substance in the third degree and three counts of criminal possession of a controlled substance in the third degree. The conviction arises from three separate sales of cocaine to an undercover police officer.

There is no merit to defendant's contention that County Court erred in failing to preclude identification testimony based upon a deficient CPL 710.30 notice provided by the People. Although that notice was deficient because it failed to inform defendant about a photographic identification procedure that occurred at police headquarters, the notice requirement is excused because defendant received a full hearing on the fairness of the identification procedure (*see,* CPL 710.30 [3]; *People v Kirkland,* 89 NY2d 903, 904-905).

The court properly denied defendant's motion to produce the confidential informant. Defendant failed to establish that the informant's testimony "'would tend to be exculpatory or would create a reasonable doubt as to the reliability of the prosecution's case'" (*People v Lesiuk*, 81 NY2d 485, 489, quoting *People v Jenkins*, 41 NY2d 307, 310-311; *see, People v Fedrick*, 172 AD2d 1043, 1044, *lv denied* 78 NY2d 1127). Because the People were not obligated to produce the confidential informant, defendant was not entitled to a missing witness charge with respect to the confidential informant (*see, People v DiBlasio*, 150 AD2d 482, *lv denied* 74 NY2d 808).

We reject defendant's contention that the court erred in failing to conduct any inquiry to determine whether a sworn juror was unqualified to continue to serve. "The Trial Judge generally is accorded latitude in making the findings necessary to determine whether a juror is grossly unqualified under CPL 270.35" (*People v Rodriguez*, 71 NY2d 214, 219).

We agree with defendant that the imposition of consecutive sentences for an aggregate sentence of 18 to 36 years is unduly harsh and severe. Therefore, we modify the sentence as a matter of discretion in the interest of justice by providing that the sentence imposed under count three of the indictment run concurrently with the sentences imposed under counts one and two of the indictment. (Appeal from Judgment of Erie County Court, Rogowski, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Denman, P. J., Hayes, Callahan, Doerr and Fallon, JJ.