■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASMINE MCHARRIS, Appellant. [748 NYS2d 57]

We find unpersuasive the defendant's contention that the alleged improper remarks made by the prosecutor during summation require reversal. The arguments concerning most of the remarks were not preserved for appellate review because the defendant either failed to object to the prosecutor's statements, made only a general objection, failed to request curative instructions, or moved only belatedly for a mistrial (*see* CPL 470.05 [2]; *People v Balls,* 69 NY2d 641, 642; *People v Dien,* 77 NY2d 885, 886; *People v Medina,* 53 NY2d 951, 952; *People v Morris,* 148 AD2d 552, 553). In any event, the summation must be examined in the context of that delivered by opposing counsel, and is proper if it is responsive to arguments and issues raised by the defense (*see People v Russo,* 201 AD2d 512, 513, *affd* 85 NY2d 872; *People v Torres,* 121 AD2d 663, 664). Additionally, a prosecutor may engage in fair comment on the evidence and the inferences to be drawn therefrom (*see People v Ashwal,* 39 NY2d 105; *People v Scotti,* 220 AD2d 543; *People v Shepherd,* 176 AD2d 369, 370). The prosecutor's remarks during summation in this case did not exceed the broad bounds of rhetorical comment allowed in closing argument (*see People v Galloway,* 54 NY2d 396, 399; *People v Harris,* 209 AD2d 432). Rather, the challenged remarks constituted either fair comment upon the evidence presented (*see People v Ashwal, supra*; *People v Scotti, supra*), or fair response to the defense summation (*see People v Irving,* 265 AD2d 575, 576). Feuerstein, J.P., Smith, Friedmann and Adams, JJ., concur.