■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OMAR QUINTERO MANZANO, Appellant. [751 NYS2d 780] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rosenzweig, J.), rendered October 26, 2001, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see People v Gaimari,* 176 NY 84). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo,* 44 AD2d 86). Upon the exercise of our factual review power, we are satisfied that, contrary to the defendant's contention, the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

Contrary to the defendant's contention, the verdict sheet

submitted to the jury did not constitute error. The verdict sheet, which included the offense to be considered and the possible verdicts, was entirely neutral. It complied with CPL 310.20 (2) and did not undermine the presumption of innocence (*see People v Phillips,* 272 AD2d 559, 560; *cf. People v Spivey,* 81 NY2d 356, 361; *People v Taylor,* 76 NY2d 873, 874; *People v Piazza,* 48 NY2d 151, 165; *People v Koschtschuk,* 119 AD2d 994, 996). There was no risk that the deliberative process or the ultimate determination of guilt was in any way affected by the verdict sheet (*see People v Plummer,* 237 AD2d 387). Santucci, J.P., Krausman, Crane and Mastro, JJ., concur.