█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WINCESLAS GEORGES, Appellant. [760 NYS2d 872] —Appeal by the defendant from a judgment of the County Court, Nassau County (Boklan, J.), rendered January 26, 2001, convicting him of attempted murder in the second degree, robbery in the first degree (two counts), criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence adduced at trial was legally insufficient to establish his identity as the perpetrator of the crimes charged and to establish his guilt of attempted murder in the second degree is, for the most part, unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10 [1995]; *People v Bynum,* 70 NY2d 858 [1987]; *People v Udzinski,* 146 AD2d 245 [1989]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we are satisfied that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see People v Gaimari,* 176 NY 84, 94 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo,* 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The Supreme Court's *Sandoval* ruling (*see People v Sandoval,* 34 NY2d 371 [1974]) was a provident exercise of discretion (*see People v Hayes,* 97 NY2d 203 [2002]; *People v Hallingquest,* 295 AD2d 364 [2002]; *People v Malave,* 288 AD2d 237 [2001]).

Contrary to the defendant's contention, he was not entitled to be present at the side-bar conference where race-neutral explanations for peremptory challenges were proffered by the prosecution (*see People v Haywood,* 280 AD2d 282 [2001]; *People v Earl,* 208 AD2d 430 [1994]). Whether the prosecution exercised peremptory challenges in a racially-discriminatory manner was a legal determination which neither implicated the defendant's peculiar factual knowledge nor otherwise presented the potential for his meaningful participation (*see People*

*v Rodriguez,* 85 NY2d 586, 591 [1995]; *see also People v Dokes,* 79 NY2d 656 [1992]).

The defendant's remaining contention is unpreserved for appellate review. Florio, J.P., S. Miller, McGinity and Adams, JJ., concur.