THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FEDERICO DIAZ, Appellant. [782 NYS2d 286]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Juviler, J.), rendered November 8, 2000, convicting him of criminal possession of a controlled substance in the first degree, criminal possession of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the fourth degree, and criminally using drug paraphernalia in the second degree (three counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing, of that branch of the

defendant's omnibus motion which was to suppress physical evidence seized pursuant to a search warrant.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court properly denied that branch of his omnibus motion which was to suppress physical evidence seized pursuant to a search warrant. The affidavit in support of the warrant recited facts sufficient to support a reasonable belief that evidence of illegal activity would be present at the premises to be searched (*see People v Bigelow*, 66 NY2d 417, 423 [1985]; *cf. People v Edwards*, 69 NY2d 814, 816 [1987]; *see also People v Lopez*, 266 AD2d 735, 736, 737 [1999]; *People v Telesco*, 207 AD2d 920 [1994]). When, because of a factual mistake on the part of the police officer who obtained the warrant, the description of the place to be searched is overbroad, the validity of the warrant turns on the information available to the officer at the time he obtained it (*see Maryland v Garrison*, 480 US 79, 85 [1987]; *People v Correa*, 188 AD2d 542, 543 [1992]; *People v Otero*, 177 AD2d 284, 285 [1991]). At the time the warrant was issued, the police detective who obtained the warrant was unaware that the description of the premises as a single-family residence resulted in the warrant being overbroad. Furthermore, the detective made a diligent attempt to ascertain the true character of the premises to be searched before obtaining the warrant. Thus, the warrant was not rendered invalid by the subsequent discovery that the premises was a two-family residence. Smith, J.P., Crane, Cozier and Lifson, JJ., concur.