■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD C. ELTEN, Appellant. [804 NYS2d 255]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Farneti, J.), rendered January 14, 2004, convicting him of insurance fraud in the third degree, grand larceny in the third degree, and conspiracy in the fifth degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence adduced at trial was legally insufficient to establish his guilt is, for the most part, unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10 [1995]; *People v Georges,* 306 AD2d 421 [2003]; *People v Duffy,* 231 AD2d 586 [1996]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*see People v Gaimari,* 176 NY 84, 94 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo,* 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

While the trial court erred in its *Sandoval* ruling (*see People v Sandoval,* 34 NY2d 371 [1974]) by permitting the prosecution to cross-examine the defendant on another pending criminal indictment (*see People v Smith,* 87 NY2d 715, 718-719 [1996]; *People v Betts,* 70 NY2d 289 [1987]), the error was harmless in light of the overwhelming evidence of guilt (*see People v Perkins,* 246 AD2d 608 [1998]; *People v Byrd,* 239 AD2d 277 [1997]).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Schmidt, J.P., Santucci, Luciano and Lifson, JJ., concur.