■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC STEVENS, Appellant. [845 NYS2d 114]—

Appeal by the defendant from a judgment of the Supreme

Court, Suffolk County (Doyle, J.), rendered June 13, 2005, convicting him of robbery in the first degree, kidnapping in the second degree, and robbery in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the trial court improperly impeded his ability to present his defense by curtailing his cross-examination of a prosecution witness. We disagree. The trial court has broad discretion to limit cross-examination when questions are repetitive, irrelevant or only marginally relevant, concern collateral issues, or threaten to mislead the jury (*see Delaware v Van Arsdall*, 475 US 673, 679 [1986]; *People v Messa*, 299 AD2d 495 [2002]). The trial court providently exercised its discretion in this case.

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 19 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

Contrary to the defendant's contention, his adjudication as a persistent felony offender did not violate his right to a jury trial pursuant to *Apprendi v New Jersey* (530 US 466 [2000]; *see People v Rosen*, 96 NY2d 329, 335 [2001]). Furthermore, based upon the defendant's extensive criminal record and the nature of his criminal conduct, the court's determination to sentence the defendant as a persistent felony offender was a provident exercise of its discretion (*see* Penal Law § 70.10; *People v Thomas*, 255 AD2d 468 [1998]; *People v Ramos*, 254 AD2d 373 [1998]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's contention raised in point 2 of his brief is without merit. His remaining contentions are unpreserved for appellate review, and we decline to review them in the exercise of our interest of justice jurisdiction. Schmidt, J.P., Skelos, Lifson and Balkin, JJ., concur.