■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERBERT WATTS, Appellant. [871 NYS2d 341]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered January 3, 2002, convicting him of criminal possession of a controlled substance in the first degree and criminal possession of marijuana in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Ambrosio, J.), without a hearing, of the defendant's motion to suppress physical evidence and the denial (Kreindler, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made to law enforcement officials.

Ordered that the judgment is affirmed.

The affidavit and testimony of a detective of the New York City Police Department and the testimony of a confidential police informant (hereinafter the informant) proffered by the People in support of the challenged search warrant application were sufficient to support a reasonable belief that evidence of illegal activity would be present at the premises to be searched (*see People v Diaz,* 11 AD3d 476, 477 [2004]; *cf. People v Edwards,* 69 NY2d 814, 816 [1987]). Thus, the Supreme Court properly denied the motion to controvert the search warrant and to suppress physical evidence seized pursuant to the search warrant (*see People v Diaz,* 11 AD3d at 477; *People v Green,* 10 AD3d 731, 732 [2004]; *see also People v Edwards,* 69 NY2d at 816). Further, the Supreme Court properly determined that once the police executed the search warrant and recovered cocaine and marijuana from the defendant's apartment, they had probable cause to arrest him (*see People v Moore,* 6 NY3d 496, 499 [2006]; *People v De Bour,* 40 NY2d 210, 223 [1976]; *People v Ortiz,* 103 AD2d 303, 306-307 [1984], *affd* 64 NY2d 997 [1985]). Accordingly, that branch of the defendant's omnibus

motion which was to suppress statements he made to law enforcement officials was properly denied.

Contrary to the defendant's contention, he was not denied a fair trial on the ground that the verdict sheet unduly emphasized the "guilty" option by listing it before the "not guilty" option. The verdict sheet, which included the offenses to be considered and the possible verdicts, complied with CPL 310.20, was entirely neutral, and did not unduly emphasize the "guilty" option (*see* CPL 310.20 [2]; *People v Manzano,* 300 AD2d 679 [2002]; *People v Phillips,* 272 AD2d 559 [2000]; *cf. People v Spivey,* 81 NY2d 356, 361 [1993]).

The defendant's contention that his Sixth Amendment right of confrontation was violated because the People failed to call the informant as a witness at trial is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, the People have "broad discretion" in the presentation of their case at trial; a prosecutor need not put on any witness whose testimony would be unreliable, cumulative, or irrelevant (*People v Andre W.,* 44 NY2d 179, 184 [1978]; *People v Sapia,* 41 NY2d 160, 163 [1976], *cert denied* 434 US 823 [1977]; *People v Buckler,* 39 NY2d 895, 897 [1976]; *People v Stridiron,* 33 NY2d 287, 292 [1973]; *People v Murray,* 119 AD2d 702 [1986]; *cf. People v Bostick,* 150 AD2d 707 [1989]).

The defendant's contention that the prosecutor made improper statements during summation is without merit. The remarks in question were either fair comment on the evidence (*see People v Ashwal,* 39 NY2d 105, 109-110 [1976]; *People v Applewhite,* 50 AD3d 1046, 1047 [2008]; *People v McHarris,* 297 AD2d 824, 825 [2002]) or fair response to comments made by defense counsel during summation (*see People v McHarris,* 297 AD2d at 825; *People v Irving,* 265 AD2d 575, 575-576 [1999]; *People v Ingram,* 205 AD2d 801 [1994]).

The remaining contentions raised in the defendant's supplemental pro se brief are without merit. Skelos, J.P., Dillon, McCarthy and Eng, JJ., concur.