THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD BAEZ, Appellant. [873 NYS2d 216]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Mullen, J.), rendered September 4, 2003, convicting him of kidnapping in the first degree and criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that the jury verdict was repugnant is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Alfaro*, 66 NY2d 985, 987 [1985]; *People v Brown*, 38 AD3d 676, 677 [2007]). In any event, contrary to the defendant's contention, the verdict was not repugnant as a matter of law (*see People v Tucker*, 55 NY2d 1 [1981]).

Also contrary to the defendant's contention, the trial court did not deny him the right to confront the witnesses against him by its decision to limit his cross-examination of a certain prosecution witness (*see Delaware v Van Arsdall*, 475 US 673,

679 [1986]; *People v Stevens*, 45 AD3d 610, 611 [2007]). Nor was the defendant denied his right to a fair trial by the testimony of a certain police officer that markings on the window of a vehicle involved with the subject incident looked like "cleansed markings" (*see People v Russell*, 165 AD2d 327, 332 [1991]).

The defendant's claim that the prosecutor's allegedly improper summation remarks denied him his right to a fair trial is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Romero*, 7 NY3d 911, 912 [2006]; *People v Garcia*, 52 AD3d 734 [2008]). In any event, the challenged remarks did not deny the defendant his right to a fair trial, as "the . . . remarks were fair comment on the evidence, permissible rhetorical comment, or responsive to the defense counsel's summation" (*People v Gillespie*, 36 AD3d 626, 627 [2007]; *see People v Dorgan*, 42 AD3d 505 [2007]; *People v McHarris*, 297 AD2d 824, 825 [2002]; *People v Clark*, 222 AD2d 446, 447 [1995]; *People v Vaughn*, 209 AD2d 459, 460 [1994]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions raised in Point III of his brief are without merit. Skelos, J.P., Santucci, Balkin and Eng, JJ., concur.