■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GIOVANNI GAVIRIA, Appellant. [886 NYS2d 900]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lasak, J.), rendered June 6, 2006, convicting him of attempted murder in the second degree, assault in the first degree, assault in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the conviction of assault in the second degree and the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The Supreme Court providently exercised its discretion in denying the defendant's request to engage in certain cross-examination of a witness against him (*see Delaware v Van Arsdall,* 475 US 673, 679 [1986]; *People v Schwartzman,* 24

NY2d 241, 244 [1969], *cert denied* 396 US 846 [1969]; *People v Baez*, 59 AD3d 635 [2009]; *People v Francisco*, 44 AD3d 870 [2007]). Under the circumstances, the defendant's contention that he was deprived of his constitutional rights of confrontation and due process is without merit.

Viewing the record as a whole, the defendant received meaningful representation (*see People v Baldi*, 54 NY2d 137 [1981]; *People v Constas*, 59 AD3d 729 [2009]). The defense counsel presented a reasonable defense, interposed appropriate objections, and effectively cross-examined witnesses (*see People v Constas*, 59 AD3d at 729; *People v Smith*, 12 AD3d 707 [2004]).

Contrary to the defendant's contention, he was not deprived of a fair trial on the ground that the verdict sheet unduly emphasized the "guilty" option by listing it before the "not guilty" option. The verdict sheet, which included the offenses to be considered and the possible verdicts, complied with CPL 310.20, was entirely neutral, and did not unduly emphasize the "guilty" option (*see People v Watts*, 58 AD3d 647, 648 [2009]; *People v Manzano*, 300 AD2d 679 [2002]; CPL 310.20 [2]).

As the People correctly concede, the defendant's conviction of assault in the second degree must be vacated and that count dismissed as an inclusory concurrent count of assault in the first degree (*see* CPL 300.40 [3] [b]; Penal Law § 120.10 [1]; § 120.05 [1]; *People v DeFreitas*, 19 AD3d 506, 507 [2005]).

The defendant's remaining contention is unpreserved for appellate review. Santucci, J.P., Chambers, Hall and Roman, JJ., concur.