THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EVERETT BREWSTER, Appellant. [891 NYS2d 658]

The defendant's contention that the prosecutor's summation deprived him of due process and a fair trial is unpreserved for appellate review, as the defendant either failed to make objections to remarks he now contests, made only general objections, failed to request curative instructions, or did not timely move for a mistrial (*see* CPL 470.05 [2]; *People v Romero*, 7 NY3d 911 [2006]; *People v Small*, 45 AD3d 705 [2007]; *People v McHarris*, 297 AD2d 824, 825 [2002]). In any event, most of the challenged remarks constituted fair comment on the evidence or were responsive to defense counsel's summation (*see People v Nisvis*, 56 AD3d 574 [2008]; *People v McHarris*, 297 AD2d at 825; *People v Russo*, 201 AD2d 512 [1994], *affd* 85 NY2d 872 [1995]). To the extent that some of the challenged remarks were improper, any error resulting from those remarks was harmless (*see People v Crimmins*, 36 NY2d 230 [1975]; *People v Martin*, 54 AD3d 776, 777 [2008]).

Contrary to the defendant's contention, his arrest photograph was properly admitted into evidence as it was relevant under the circumstances and did not prejudice him (*see People v Logan*, 25 NY2d 184, 195-196 [1969], *cert denied* 396 US 1020 [1970]; *People v Abdul*, 247 AD2d 276 [1998]). Skelos, J.P., Dickerson, Lott and Roman, JJ., concur.

**59** THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROHAN BROWN, Appellant. [891 NYS2d 662]

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see Jones v Barnes*, 463 US 745 [1983]; *People v Stultz*, 2 NY3d 277 [2004]). Fisher, J.P., Florio, Balkin and Belen, JJ., concur.