THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
BENJAMIN M. SICOLI, Appellant. [900 NYS2d 213]—

Appeal from a judgment of the Niagara County Court (Sara S.
Sperrazza, J.), rendered December 4, 2008. The judgment
convicted defendant, upon a jury verdict, of assault in the third
degree and reckless endangerment in the second degree.

It is hereby ordered that the judgment so appealed from is
unanimously affirmed and the matter is remitted to Niagara
County Court for proceedings pursuant to CPL 460.50 (5).

Memorandum: Defendant appeals from a judgment convicting
him upon a jury verdict of assault in the third degree (Penal
Law § 120.00 [2]) and reckless endangerment in the second
degree (§ 120.20). We reject the contention of defendant that, by
imposing a sentence that included two months of intermittent
incarceration, County Court punished him for exercising his
right to testify at trial. The court was entitled to assess the
credibility of defendant's testimony and to consider that cred-
ibility assessment when determining the sentence to be imposed
(see generally United States v Grayson, 438 US 41, 54-55 [1978];
People v Vanluvender, 35 AD3d 238, 239 [2006], lv denied 8
NY3d 928 [2007]). Defendant failed to preserve for our review
his further contention that the court sentenced him for conduct
of which he was acquitted (see CPL 470.05 [2]), and we decline
to review that contention as a matter of discretion in the inter-
est of justice (see CPL 470.15 [6] [a]).

We reject defendant's contention that the verdict sheet "un-
duly emphasized the 'guilty' option by listing it before the 'not
guilty' option" (People v Gaviria, 67 AD3d 701, 702 [2009]; see
People v Watts, 58 AD3d 647 [2009], lv dismissed 12 NY3d 763
[2009], lv denied 12 NY3d 789 [2009]). Defendant failed to

preserve for our review his further contention that the court erred in questioning a prospective juror whom defendant had successfully challenged for cause in the presence of the other prospective jurors (*see* CPL 470.05 [2]). In any event, that contention is without merit. The responses of the juror to the court's questions indicated only that he believed defendant would not have been arrested unless there was some evidence against him, and defendant failed to demonstrate that he was prejudiced by the questioning.

Finally, the court properly granted the People's request to amend the indictment to correct the mental states necessary for assault in the third degree under count four and reckless endangerment in the second degree under count five. Contrary to defendant's contention, the omission of the word "criminal" in count four and the word "recklessly" in count five does not render those counts factually insufficient pursuant to CPL 200.70 (2) (b). In addition, each of those counts incorporated the statute defining the crime charged, which "operate[d] without more to constitute allegations of all the elements of the crime required by explicit provision of the statute itself or by judicial gloss overlaid thereon, if any, for conviction under that statute" (*People v Cohen*, 52 NY2d 584, 586 [1981]; *see People v D'Angelo*, 98 NY2d 733, 735 [2002]; *People v Ray*, 71 NY2d 849, 850 [1988]). We note in any event that defendant was acquitted of assault in the third degree under count four. Present—Scudder, P.J., Centra, Carni, Sconiers and Pine, JJ.