■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARWIN ROQUE, Appellant. [902 NYS2d 430]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Eng, J.), rendered February 7, 2007, convicting him of murder

in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that he was deprived of a fair trial by certain remarks made by the prosecutor during summation is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Brewster*, 69 AD3d 750 [2010]; *People v Miller*, 59 AD3d 463, 464 [2009]). In any event, most of the challenged remarks were fair comment on the evidence, permissible rhetorical comment, or responsive to the defense counsel's summation (*see People v Ashwal*, 39 NY2d 105, 109-110 [1976]; *People v Torres*, 72 AD3d 709 [2010]; *People v Charles*, 57 AD3d 556 [2008]). "To the extent that the prosecutor may have exceeded the bounds of permissible rhetorical comment, any error was harmless" (*People v Carter*, 36 AD3d 624 [2007]; *see People v Crimmins*, 36 NY2d 230 [1975]; *People v Charles*, 57 AD3d at 556-557).

The defendant was not denied the effective assistance of counsel, as the record reveals that defense counsel provided meaningful representation (*see People v Henry*, 95 NY2d 563 [2000]; *People v Benevento*, 91 NY2d 708 [1998]; *People v Martinez*, 69 AD3d 958, 959 [2010], *lv denied* 14 NY3d 842 [2010]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions either are without merit or relate to harmless error. Santucci, J.P., Angiolillo, Dickerson and Austin, JJ., concur.