■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR RIVERA, Appellant. [948 NYS2d 912]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dowling, J.), rendered October 20, 2009, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court has broad discretion to limit cross-examination when questions are repetitive, irrelevant or only marginally relevant, concern collateral issues, or threaten to mislead the jury (*see Delaware v Van Arsdall*, 475 US 673, 679 [1986]; *People v Gaviria*, 67 AD3d 701, 702 [2009]). The trial court did not deny the defendant the right to confront the witnesses against him by its decision to limit his cross-examination of a certain prosecution witness (*see People v Baez*, 59 AD3d 635, 635-636 [2009]; *People v Stevens*, 45 AD3d 610, 611 [2007]).

In order for a defendant to compel production of a confidential

informant, the defendant must demonstrate that the proposed testimony of the informant would tend to be exculpatory or would create a reasonable doubt as to the reliability of the prosecution's case either through direct examination or impeachment (*see People v Lesiuk*, 81 NY2d 485, 489 [1993]; *People v Williams*, 242 AD2d 917, 918 [1997]; *People v Perkins*, 227 AD2d 572, 574 [1996]; *People v Rosa*, 150 AD2d 623, 624 [1989]). There is no merit to the defendant's contention that the trial court erred in denying his request that the confidential informant be produced. " 'Bare assertions or conclusory allegations by a defendant that a witness is needed to establish his innocence will not suffice' " (*People v Pena*, 37 NY2d 642, 644 [1975], quoting *People v Goggins*, 34 NY2d 163, 169 [1974], *cert denied* 419 US 1012 [1974]).

"The right to effective assistance of counsel is guaranteed by the Federal and State Constitutions" (*People v Rivera*, 71 NY2d 705, 708 [1988]; *see* US Const Sixth Amend; NY Const, art I, § 6; *People v Collado*, 90 AD3d 672, 672 [2011]). Here, the defendant was not deprived of the effective assistance of counsel under the New York Constitution because, viewing defense counsel's performance in totality, counsel provided meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]; *People v Collado*, 90 AD3d at 673). Further, the defendant was not deprived of the effective assistance of counsel under the United States Constitution (*see Strickland v Washington*, 466 US 668 [1984]). Rivera, J.P., Florio, Eng and Cohen, JJ., concur.