Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dowling, J.), rendered October 20, 2009, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
The trial court has broad discretion to limit cross-examination when questions are repetitive, irrelevant or only marginally relevant, concern collateral issues, or threaten to mislead the jury (see Delaware v Van Arsdall, 475 US 673, 679 [1986]; People v Gaviria, 67 AD3d 701, 702 [2009]). The trial court did not deny the defendant the right to confront the witnesses against him by its decision to limit his cross-examination of a certain prosecution witness (see People v Baez, 59 AD3d 635, 635-636 [2009]; People v Stevens, 45 AD3d 610, 611 [2007]).
In order for a defendant to compel production of a confidential *530 informant, the defendant must demonstrate that the proposed testimony of the informant would tend to be exculpatory or would create a reasonable doubt as to the reliability of the prosecution’s case either through direct examination or impeachment (see People v Lesiuk, 81 NY2d 485, 489 [1993]; People v Williams, 242 AD2d 917, 918 [1997]; People v Perkins, 227 AD2d 572, 574 [1996]; People v Rosa, 150 AD2d 623, 624 [1989]). There is no merit to the defendant’s contention that the trial court erred in denying his request that the confidential informant be produced. “ ‘Bare assertions or conclusory allegations by a defendant that a witness is needed to establish his innocence will not suffice’ ” (People v Pena, 37 NY2d 642, 644 [1975], quoting People v Goggins, 34 NY2d 163, 169 [1974], cert denied 419 US 1012 [1974]).
“The right to effective assistance of counsel is guaranteed by the Federal and State Constitutions” (People v Rivera, 71 NY2d 705, 708 [1988]; see US Const Sixth Amend; NY Const, art I, § 6; People v Collado, 90 AD3d 672, 672 [2011]). Here, the defendant was not deprived of the effective assistance of counsel under the New York Constitution because, viewing defense counsel’s performance in totality, counsel provided meaningful representation (see People v Benevento, 91 NY2d 708, 712 [1998]; People v Baldi, 54 NY2d 137, 147 [1981]; People v Collado, 90 AD3d at 673). Further, the defendant was not deprived of the effective assistance of counsel under the United States Constitution (see Strickland v Washington, 466 US 668 [1984]). Rivera, J.P., Florio, Eng and Cohen, JJ., concur.