■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARJENIS PENA, Appellant. [978 NYS2d 693]—

The defendant's contention that he was deprived of a fair trial by the Supreme Court's alleged denigration of defense counsel is without merit. Although the court made some remarks which were less than favorable in the presence of the jury, the court's actions were provoked by defense counsel's persistent misconduct in disregarding the court's evidentiary rulings, and in arguing with the court over its rulings (*see People v Marston*, 71 AD3d 789 [2010]; *People v Serrano*, 253 AD2d 531 [1998]). In any event, the court alleviated any prejudice to the defendant resulting from the remarks by instructing the jury not to infer from its remarks that it held any personal view about the defendant's guilt or innocence (*see People v Moghaddam*, 56 AD3d 801, 803 [2008]; *People v Marston*, 71 AD3d at 790).

"A granting of an adjournment for any purpose is a matter of discretion for the trial court" (*People v Muriel-Herrera*, 68 AD3d 1135, 1136 [2009]). Here, the Supreme Court providently exercised its discretion in denying defense counsel's requests for adjournments to review certain materials (*see People v Hearns*, 33 AD3d 722 [2006]).

Furthermore, "[t]he trial court has broad discretion to limit cross-examination when questions are repetitive, irrelevant or only marginally relevant, concern collateral issues, or threaten to mislead the jury" (*People v Rivera*, 98 AD3d 529, 529 [2012]). Here, the Supreme Court providently exercised its discretion in limiting the defendant's cross-examination of certain prosecution witnesses (*see People v Stevens*, 45 AD3d 610, 611 [2007]).

The defendant was not deprived of the effective assistance of counsel (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 146-147 [1981]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are unpreserved for appellate review (*see* CPL 470.05 [2]), and we decline to review them in the exercise of our interest of justice jurisdiction. Rivera, J.P., Leventhal, Hall and Roman, JJ., concur.