Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Kase, J.), rendered April 19, 2012, convicting him of robbery in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing pursuant to a stipulation in lieu of motions (Robbins, J.), of the suppression of identification testimony.
Ordered that the judgment is affirmed.
Contrary to the defendant’s contention, the photograph of him included in the photo arrays shown to the complaining witness and his wife did not possess any characteristics that made *926 it stand out from the others in the arrays so as to draw a viewer’s attention to it and indicate that a law enforcement official had “ ‘made a particular selection’ ” (People v Dailey, 86 AD3d 579, 579 [2011], quoting People v Curtis, 71 AD3d 1044, 1045 [2010]). Nor did the law enforcement emblem and text on the border of the photo arrays render them unduly suggestive. Moreover, certain comments made by a detective when showing the arrays to the witnesses were not improper. Accordingly, the hearing court properly denied the suppression of identification testimony.
The defendant contends that the evidence at trial was legally insufficient to support his convictions of the two counts of robbery in the second degree (Penal Law § 160.10 [1], [2]). However, contrary to the defendant’s contention, when viewed in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), the evidence was legally sufficient to establish that the defendant forcibly stole property from the complainant {see Penal Law § 160.10). The defendant’s further contention that the evidence of “physical injury,” an element of robbery in the second degree under Penal Law § 160.10 (2), was legally insufficient, is unpreserved for appellate review (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 492 [2008]; People v White, 94 AD3d 918, 918 [2012]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d at 621), we find that it was legally sufficient to establish that the complainant sustained physical injury (see Penal Law § 10.00 [9]; People v Valencia, 50 AD3d 1163, 1164 [2008]; People v Krotoszynski, 43 AD3d 450, 453 [2007]). Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt on those counts was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
The defendant’s contention that he was deprived of the right to confront the witnesses against him by the Supreme Court’s limitation of his cross-examination of certain prosecution witnesses is without merit (see People v Rivera, 98 AD3d 529, 529 [2012]; People v Baez, 59 AD3d 635, 635-636 [2009]; People v Stevens, 45 AD3d 610, 611 [2007]).
Mastro, J.E, Lott, Sgroi and Cohen, JJ., concur.