People v Wahaab (2018 NY Slip Op 02332)





People v Wahaab


2018 NY Slip Op 02332


Decided on April 4, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 4, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX, JJ.


2013-09059
 (Ind. No. 1319/11)

[*1]The People of the State of New York, respondent,
v
Sadiq Abdul Wahaab, appellant.


Paul Skip Laisure, New York, NY (Anna Pervukhin and Kendra Hutchinson of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Sholom J. Twersky, and Rebecca L. Visgaitis of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Joel Goldberg, J.), rendered September 9, 2013, convicting him of burglary in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, on the law, and the matter is remitted to the Supreme Court, Kings County, for a new trial.
In the course of jury selection, the defendant exercised several peremptory challenges to prospective jurors that were contested on the ground that he was attempting to exclude white people from the jury (see Batson v Kentucky, 476 US 79; see generally People v Kern, 75 NY2d 638, 649-650). Although the Supreme Court made several determinations regarding various reverse-Batson challenges, the defendant, on appeal, argues that the court erred in determining that a challenge to one specific juror was pretextual. Contrary to the defendant's contentions, the record supports the court's determination that defense counsel's proffered reasons for challenging that prospective juror were pretextual because the record does not support any valid claim that the juror, who was a documentary filmmaker, would be any more likely to disregard the court's instruction not to perform independent Internet research than any other juror. Thus, we decline to disturb the court's determination that the challenge was pretextual (see People v Hernandez, 75 NY2d 350, 356, affd sub nom. Hernandez v New York, 500 US 352).
We nevertheless reverse the judgment of conviction because of an erroneous Sandoval ruling made by the Supreme Court (see People v Sandoval, 34 NY2d 371). At trial, the court permitted the defendant to be cross-examined about a prior robbery conviction which, at that time, was the subject of a pending appeal (see People v Wahhab, 118 AD3d 925). However, the Court of Appeals has held, and the People concede, that defendants may not be examined "about the underlying facts of an unrelated criminal conviction on appeal, for the purpose of impeaching his credibility" (People v Cantave, 21 NY3d 374, 381).
Sandoval errors are subject to harmless error analyses (see People v Grant, 7 NY3d 421, 424; People v Elten, 23 AD3d 577, 578). Here, however, we cannot conclude that the evidence [*2]of guilt was overwhelming or that there was no reasonable possibility that the error might have contributed to the conviction (see People v Crimmons, 36 NY2d 230, 237; People v Wallace, 31 AD3d 1041, 1045). Thus, the Sandoval ruling cannot be considered harmless (see People v Calderon, 146 AD3d 967, 970).
Accordingly, the judgment of conviction must be reversed, and a new trial ordered.
In light of our determination, the defendant's remaining contention, that he was deprived of the effective assistance of counsel, is academic.
DILLON, J.P., AUSTIN, MILLER and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court